SHIVERS, Judge.
The appellant in this case, Chrysler Credit Corporation (Chrysler), appeals the trial court’s denial of its motion to dismiss or to transfer venue. We affirm.
Appellee/plaintiff, a resident of Taylor County, Florida, purchased an automobile from Tallahassee Chrysler-Plymouth and financed it through the appellant, Chrysler Credit Corporation. Appellee later transferred the car to a third person, from whom it was eventually repossessed. On July 23, 1985, appellee filed a complaint against Chrysler Credit Corporation and the Credit Bureau of Tallahassee, Inc., in which he alleged that Chrysler reported to the Credit Bureau that it repossessed the car from appellee, and that the Credit Bureau in turn reported this information to other financial institutions, causing damage to appellee’s credit standing in the commu-mty. The complaint was filed in the Third Judicial Circuit, appellee alleging that he was a resident of Taylor County and that the cause of action arose in Taylor County. Ghrysler’s motion to dismiss or to transfer venue was denied, the trial court stating at the hearing that “whether founded in fact or not, the plaintiff did allege that the cause of action occurred in Taylor County.”
We agree with the trial court’s finding and affirm. It is the plaintiffs prerogative to initially select venue in accordance with the applicable venue statute.[1] When venue is alleged in the initial pleading by the plaintiff, “it is sufficient if it is laid in the margin even though it is differently and erroneously laid in the body of the pleading.” Trawick, Florida Practice and Procedure, section 5-6 (1986). Once the plaintiff has selected venue, the burden falls on the party challenging venue to demonstrate by affidavit or sworn pleading that it is improper. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). See also Eth-Wha, Inc. v. Blankenship, 483 So.2d 872 (Fla. 2d DCA 1986). Having failed to file an affidavit or sworn pleading, or to present any evidence to establish that the cause of action did not arise in Taylor County, Florida, the defendant in this case has failed to sustain its burden of challenging the plaintiff's venue. Accordingly, the trial court’s denial of Chrysler’s motion to dismiss or to transfer venue is AFFIRMED.
SMITH and WENTWORTH, JJ., concur.

. The allegations contained in appellee's complaint appear to state a cause of action pursuant to section 559.72(5), Florida Statutes. According to section 559.77:
A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred.