PER CURIAM.
This is an appeal of a non-final order denying a motion to dismiss, or in the alternative, motion for change of venue. We reverse.
Appellant Revell is the chairman of the Florida Parole Commission and appellant Dugger is the secretary of the Department of Corrections. Both state agencies are headquartered in Leon County.
Appellee is an inmate in the Glades Correctional Institute in Belle Glade, Palm Beach County. He was convicted of murder in 1970 and sentenced to death. This sentence was vacated in 1972 following the Supreme Court’s decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). He was then resen-tenced to life imprisonment, which entitles him to be considered for parole release by the Florida Parole Commission. The Commission denied his release and suspended his presumptive parole release date. Among the reasons for the Commission’s decision were the circumstances surround *219 ing his offense, including the following factors taken from a 1972 investigative report: 1) pistol whipping of the proprietress of the store being robbed and 2) shooting and wounding of a deputy while escaping the scene.
Appellee filed a complaint with the Palm Beach County Circuit Court alleging that both of the above factors were false.[1] He attached an affidavit from the deputy sheriff that he had not been shot and a portion of testimony by the store proprietress before a coroner’s jury in which she testified that she had been hit by Paschal during the robbery. He sought declaratory judgment and injunctive relief.
Both appellants Revell and Dugger filed motions to dismiss/alternative motions for a change of venue to their home county. The trial court denied the motions. We reverse. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla. 1977). Neither exception discussed in Car-lile applies here. Therefore, venue properly lies in the county where the state agencies maintain their principal headquarters.
We reject appellee’s argument that section 768.28(1), Florida Statutes (1981), abrogated the common law privilege of home venue. Since that section specifically refers to actions at law against the state to recover damages in tort for money damages for injury or loss of property, personal injury or death, it does not apply to the instant case. The instant case seeks declaratory and injunctive relief under chapter 86, Florida Statutes (1989). No section of chapter 86 abrogates the common law privilege of home venue for state agencies. In addition, as appellants point out, no section of chapter 47, Florida Statutes, “Venue,” abrogates the common law privilege of home venue in civil actions.
LETTS, GLICKSTEIN and GARRETT, JJ., concur.

. In another case appellee sought a writ of habe-as corpus or, in the alternative, mandamus to review the Commission’s decision. The trial court denied the writ and this court affirmed the denial. Paschal v. Fontana, 548 So.2d 1190 (Fla. 4th DCA 1989).