604 So.2d 894 (1992)
David Ansgar NYBERG and Richard Charles Gaston, Appellants,
v.
Kenneth R. SNOVER and Harry K. Singletary, Jr., Appellees.
No. 91-3264.
District Court of Appeal of Florida, First District.
September 2, 1992.
Rehearing Denied October 6, 1992.
*895 David Ansgar Nyberg, pro se.
No appearance for appellees.
SMITH, Judge.
Appellants appeal the trial court's order, sua sponte, transferring venue of their declaratory judgment action from Leon County to Marion County, where at least one of the appellants is incarcerated, pursuant to the "sword-wielder" exception to the state's common law venue privilege. We reverse.
Ordinarily, an action against a state agency or officer must be brought in the county where the agency has its official headquarters. Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). An exception to this general rule is the "sword-wielder" doctrine, which "applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted." Florida Public Service Commission v. Triple "A" Enterprises, 387 So.2d 940, 942 (Fla. 1980). The test is whether the state is the original sword-wielder, and the plaintiff's suit a shield against the state's thrust. If so, a suit may be maintained in the county where the blow has been or is about to be struck. Florida Public Service Commission v. Triple "A", 387 So.2d at 942, citing Department of Revenue v. First Federal Savings and Loan Association of Ft. Meyers, 256 So.2d 524, 526 (Fla. 2d DCA 1971). However, where the state's action does not amount to an unlawful invasion of a constitutional right which is being directly and immediately threatened, the sword-wield exception will not be applied. Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940 (Fla. 1980); Department of Revenue v. First Federal Savings & Loan Association of Ft. Meyers, 256 So.2d 524 (Fla. 2d DCA 1971); and Dowdy v. Lawton, 72 So.2d 50 (Fla. 1954).
An examination of appellant's complaint reveals that it does not allege the state's direct and imminent threat to their constitutional rights, and the state's alleged action does not rise to the level allowing application of the sword-wielder exception. Moreover, it is the plaintiff's prerogative to make the initial choice of venue in accordance with the applicable venue statute. Chrysler Credit Corp. v. Laliberty, 506 So.2d 67, 68 (Fla. 1st DCA 1987). Contrary to the trial court's construction, there appears to be no authority for the proposition that application of the sword-wielder doctrine is mandatory, so that a plaintiff *896 must choose the county where the blow has been, or is about to be struck, rather than bring suit in the county where the agency has its official headquarters (in this case Leon County). Nor do we find authority for the trial court to waive in behalf of the state agency its venue privilege of being sued in the county in which it has its official headquarters. For these reasons, the trial court's order transferring venue was error.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and ALLEN, JJ., concur.