607 So.2d 479 (1992)
The LEVY COUNTY SCHOOL BOARD, Appellant,
v.
Hazel BOWDOIN and W. Roderick Bowdoin, as personal representatives of the Estate of Leroy Bowdoin, Appellees.
No. 92-294.
District Court of Appeal of Florida, First District.
October 22, 1992.
*480 Jeanne M. Singer, Gainesville, for appellant.
Thomas J. Kennon, III of Darby, Peele, Bowdoin & Payne, Lake City, for appellees.
ERVIN, Judge.
Appellant, Levy County School Board ("School Board"), appeals a nonfinal order denying its motion to dismiss or to transfer the complaint of appellees, Hazel and W. Roderick Bowdoin, representatives of the estate of Leroy Bowdoin, on the ground of improper venue. We reverse and remand for further proceedings consistent with this opinion.
On June 28, 1991, the plaintiffs/appellees filed a complaint in the circuit court in Columbia County alleging that the decedent, Leroy Bowdoin, a former employee of the School Board, had insurance coverage under a group health plan provided by his employer through defendants Public Employees Services Company (PESC) and Fringe Benefits Management Company (FBMC). The plaintiffs alleged that when Leroy Bowdoin became ill and retired from his job with the School Board on June 30, 1987, the School Board breached its contractual and legal duty to its employee and his wife by failing to notify them of their right to continue health coverage under the plan.
*481 The School Board filed, among other things, a motion to dismiss or to transfer the complaint because the plaintiffs failed to file it within the county having proper venue. The court denied the motion for the following reason:
5. As admitted by counsel for the moving party defendant, the defendants, Public Employees Services Company and Fringe Benefits Management Company, conduct business in Columbia County, Florida. Accordingly, Plaintiffs are entitled to bring this cause of action in Columbia County, Florida.
(Emphasis added.) This does not state a proper basis for venue in Columbia County.
As the School Board points out, there is a long-standing home-venue privilege under Florida common law which provides that in a civil action brought against a state agency or subdivision,[1] venue appropriately lies in the county where the agency or subdivision maintains its principal headquarters. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363-64 (Fla. 1977); Nyberg v. Snover, 604 So.2d 894 (Fla. 1st DCA 1992). The venue provisions of Chapter 47, Florida Statutes, do not abrogate this common-law privilege. Revell v. Paschal, 564 So.2d 218, 219 (Fla. 4th DCA 1990). When, however, a suit involves two defendants residing in different counties, one being a governmental entity, trial courts have the discretion to dispense with the home-venue privilege, "guided by considerations of justice, fairness, and convenience under the circumstances of the case." Board of County Comm'rs of Madison County v. Grice, 438 So.2d 392, 395 (Fla. 1983). Implicit in this exception is that there must be a statutory basis for venue outside the county of the governmental entity. See Nyberg, 604 So.2d at 895 ("it is the plaintiff's prerogative to make the initial choice of venue in accordance with the applicable venue statute") (emphasis added). We find no statutory basis for venue in Columbia County.
Section 47.011, Florida Statutes (1989), requires actions to be brought, "only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." (Emphasis added.) Section 47.021, Florida Statutes (1989), provides, "Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides." (Emphasis added.) Section 47.051, Florida Statutes (1989), relating to actions against corporations, provides: "Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located." (Emphasis added.) None of these statutes authorizes venue in a county where a company "conducts business." Instead, a corporate defendant is said to "reside" in the county where the corporation keeps an office for transaction of business. Enfinger v. Baxley, 96 So.2d 538, 540 (Fla. 1957). Although there is no transcript of the hearing below, none of the parties represents on appeal that there was any allegation, stipulation, or evidence relating to whether either of the corporate defendants actually has an office for transacting business in Columbia County. On the contrary, the court decided that merely doing business in Columbia County established venue.
Moreover, even if it is shown that the corporate defendants do, in fact, reside in the counties where they conduct business, the joint-corporate-defendant rule would still require venue to lie in Levy County. Under that rule, when a corporate defendant resides in the same county as an individual defendant, even though the corporate defendant resides in other counties, too, venue is proper only in the county of joint residence. Inter-Medic Health Ctrs. Inc. v. Murphy, 400 So.2d 206, 206 (Fla. 1st DCA 1981). Appellees represent that PESC and FBMC transact business in every *482 county in Florida. If they also reside in every county, including Levy County, where the individual defendant School Board resides, then venue would be proper only in Levy County, the county of joint residence.
On remand, the trial court should reconsider where venue should lie in light of the statutes, the home-venue privilege, the joint-corporate-defendant rule, and Grice.
REVERSED and REMANDED for further proceedings.
MINER and WOLF, JJ., concur.
NOTES
[1] The School Board is a governmental agency of Levy County solely established to operate the schools in that county.