WIGGINTON, Judge.
Appellant appeals the trial court’s order sua sponte transferring venue of this case from Leon County to Marion County where appellant is confined in Marion Correctional Institution. We reverse.
As recognized by this court in Nyberg v. Snover, 604 So.2d 894 (Fla. 1st DCA 1992):
[I]t is the plaintiff’s prerogative to make the initial choice of venue in accordance with the applicable venue statute. Chrysler Credit Corporation v. Laliberty, 506 So.2d 67, 68 (Fla. 1st DCA 1987). Contrary to the trial court’s construction, there appears to be no authority for the proposition that application of the sword wielder doctrine is mandatory, so that a plaintiff must chose the county where the blow has been, or is about to be struck, rather than bring suit in the county where the agency has its official headquarters (in this case Leon County). Nor do we find authority for the trial court to waive in behalf of the state agency its venue privilege of being sued in the county in which it has its official headquarters. For these reasons, the trial court’s order transferring venue was error.
*531 As in Nyberg, the trial court’s order transferring venue in this case is reversed and this cause is remanded for further proceedings consistent with this opinion.
MICKLE, J., and JORGENSON, JAMES R., Associate Judge, concur.