PER CURIAM.
We grant this petition for writ of mandamus. The trial court erred in rejecting, outright, Petitioner’s pending pleading and request for a determination of his indigency status on the grounds that the case was assigned to the wrong division of the court, criminal rather than civil, leaving Petitioner with a filed claim for extraordinary relief without administrative assignment. Appellant seeks a declaratory judgment challenging certain administrative action and drug testing procedures of the Department of Corrections, which he contends invalidly resulted in reducing his gain time and extending his *1225 release date status. He also claims that if he were to prevail, he would be entitled to consideration for release.
The record reflects that additional efforts by Petitioner to have the case administratively reassigned proved fruitless in the face of the court’s order, leaving him remediless absent this petition. At a minimum, his pleading should have been assigned to another division by the clerk or chief judge, as Petitioner requested, if not by the division judge.
We do not address whether venue should be transferred, as directed in Revell v. Paschal, 564 So.2d 218 (Fla. 4th DCA 1990), as such relief has not, as yet, been requested in the trial court by the state. Nor do we address whether the trial court could construe Petitioner’s pleading as a petition for writ of habeas corpus, asserting that Petitioner is wrongfully detained.
We withhold issuance of the writ in anticipation that the trial court will voluntarily comply with this opinion by assigning the petition to a division and by ruling on pending matters within a reasonable time. This opinion is to be implemented by the chief judge of the circuit.
STONE, FARMER and STEVENSON, JJ., concur.