PER CURIAM.
Thomas J. Fowler and Marlene Fowler, residents of Marion County, Florida, appeal an order denying their motion to transfer venue of this action from Duval County, Florida, to Marion County. In the instant action, Ford Motor Company, appellee here, is appealing to the circuit court, pursuant to section 681.1095(10), Florida Statutes (1993), the decision of the Arbitration Board under Florida’s Motor Vehicle Warranty Enforcement Act, the so-called “lemon law,” Chapter 681, Florida Statutes (1993), in which the Board concluded that the Fowlers’ recreational vehicle was a “lemon” within the meaning of Chapter 681 and ordered Ford, as the manufacturer, to refund to the Fowlers all amounts paid by them for the vehicle and to pay off the balance owed by the Fowlers to the lienholder. The Fowlers sought to transfer venue based upon an alleged improper venue under section 47.011, Florida Statutes (1993), and rules 1.060(b) and 1.140(b), Florida Rules of Civil Procedure. Because the motion to transfer was legally insufficient on its face, we affirm. Chrysler Credit Corp. v. Laliberty, 506 So.2d 67, 68 (Fla. 1st DCA 1987); Coggin Pontiac v. Putnam, Auto Sales, Inc., 278 So.2d 647, 649 (Fla. 1st DCA 1973). Our affirmance, however, is without prejudice to the Fowlers’ right to seek transfer of this action under section 47.122, Florida Statutes (1993), based upon the convenience of the parties and the witnesses.
AFFIRMED.
WOLF, WEBSTER and VAN NORTWICK, JJ., concur.