PER CURIAM.
Petitioner, Anthony Martin, was convicted and sentenced for contempt in county court. The county court set bond pending appeal at $15,000. Petitioner then filed a motion in the circuit court seeking release on his own recognizance. The trial court refused to rule on the bond motion because, among other reasons, it was not filed in the appellate division of the circuit court where it should have been filed. Martin then filed a petition for writ of mandamus asking this court to direct the circuit court to release him on his own recognizance.[1] We treated the mandamus petition as one seeking to compel the trial court to rule on the pending bond motion and issued an order to show cause.
We grant the petition and order the circuit court to have the motion assigned to the appellate division for expedited disposition. Mandamus will lie to compel the timely performance of, a purely ministerial duty, such as entering a ruling on the bond motion. Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990). Rule 9.140(g)(4), Florida Rules of Appellate Procedure, provides an appellant with the right to obtain review of an *675 order relating to post-trial release. Because the petitioner has been sentenced to a fairly brief term of incarceration, which will likely be fully served before his appeal from his contempt conviction is decided, a “reasonable time” for ruling on his motion for bond would require expedited handling by the circuit court appellate panel. See Denson v. Rodgers, 658 So.2d 1224 (Fla. 4th DCA 1995).
As the court did in Denson, we withhold issuance of the writ in anticipation that the trial court will voluntarily comply with this opinion. This opinion is to be implemented by the chief judge of the circuit.
WARNER, STEVENSON and GROSS, JJ., concur.

ON MOTION FOR CLARIFICATION

PER CURIAM.
The motion for clarification is granted. Judge Jeffrey Colbath, a county court judge, conducted the first appearance hearing during which the contempt which is the subject matter of the underlying appeal in this case occurred. Florida Rule of Criminal Procedure 3.130(a) provides that “every arrested person shall be taken before a judicial officer ... within 24 hours of arrest_ The chief judge of the circuit for each county within the circuit shall designate 1 or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings.” Thus, county court judges are authorized to conduct first appearances, regardless of whether the case is a circuit court case or a county court case.[1]
In the instant proceeding, all of the relevant orders signed by Judge Colbath were styled in the County Court. Beneath the judge’s signature line on the orders, the judge is designated as a county court judge. There is no indication that he was acting as a circuit court judge in conducting the first appearance or in holding the petitioner in contempt. Although there is an administrative order appointing Judge Colbath to temporary and occasional service as a circuit court judge, the validity of which is not an issue in this case, the judge was not required to act in that capacity in conducting the first appearance hearing, and it appears that he was not.
WARNER, STEVENSON and GROSS, JJ., concur.

. We sua sponte correct the style of the case to delete the trial judge's name.

. This is further supported by Florida Rule of Criminal Procedure 3.131(d)(1) which states: "When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant, or, in the absence of the judge of the trial court, to the circuit court.” (emphasis supplied).