PATTERSON, WILLIAM A., Associate Judge.
This appeal is taken from an order quashing a rule nisi and denying the relief sought by the appellants as against appel-lee, Midland National Insurance Company.
The facts are that Henry E. Ferguson and Learnte U. Ferguson, the appellants herein and the plaintiffs below, obtained a judgment against Patricia Melinda Goodley and Bruce Lewis as a result of a jury verdict in the Circuit Court for Broward County, Florida.
*496 Plaintiffs caused execution to be issued against Goodley and Lewis and the writs were returned unsatisfied. Subsequent to this, plaintiffs filed their petition in the circuit court for supplementary proceedings, joinder, and rule nisi. As a result of this petition, a rule nisi was entered against appellee, Midland National Insurance Company, commanding the company to pay plaintiffs’ judgment which they had secured against defendants, Goodley and Lewis, or to appear and show cause why judgment should not be entered against it.
Appellee, Midland National Insurance Company, filed a motion to quash the rule nisi upon the following grounds:
“1. Plaintiffs’ attempt to join MIDLAND NATIONAL INSURANCE COMPANY is contrary to the provisions of the laws of this State and is entirely improper.
“2. As argued at length at the prior proceedings, other remedies are available to Plaintiffs by Statute and not available under these circumstances as MIDLAND NATIONAL INSURANCE COMPANY was never the liability carrier for the Defendant, BRUCE LEWIS, and is not subject to the supplementary proceedings sought.
“3. MIDLAND NATIONAL INSURANCE COMPANY did not defend BRUCE LEWIS under a ‘reservation or right’, and further relies on the affidavit filed previously in this cause by Hugh Wood, Esquire, dated December 19, 1966.”
The material parts of the affidavit of Hugh Wood, Esquire, referred to in this motion are as follows :
“1. He is and was the attorney for Midland National Insurance Company and in these proceedings.
“2. Knows of his own personal knowledge, Midland National Insurance Company did not have coverage whatsoever with said Bruce Lewis as alleged in Plaintiff’s petition for supplementary proceedings filed herein. That he so informed Plaintiff’s attorneys and further, that Midland National Insurance Company is not the indemnitor of any of the judgments entered in the original cause and holds no assets of the said Bruce Lewis.”
The order from which this appeal is taken quashing the rule nisi states as follows (formal portions omitted):
“THIS CAUSE came on before me for hearing on March 8, 1967, and after hearing argument of counsel and having considered all of the law presented by both sides, it is, therefore,
“ORDERED AND ADJUDGED that the Rule Nisi previously issued in this case be and the same is hereby quashed and the relief sought by the Plaintiffs is hereby denied and MIDLAND NATIONAL INSURANCE COMPANY is hereby discharged from any further proceedings of this nature, and the parties shall go hence without day with Defendants’ costs to be taxed at a future appropriate motion."
There is no question that the appellants have the right to test the question of insurance coverage by the procedure outlined above. General Guaranty Insurance Co. of Fla. v. DaCosta, Fla.App.1966, 190 So.2d 211.
The sole question in this appeal is whether the trial court allowed the appellants their day in court to take testimony and thoroughly explore whether the appel-lee insurance company was liable for the judgment obtained against Goodley and Lewis.
The record on appeal is not clear as to whether the trial court considered the motion to quash the rule nisi in a summary manner taking into account the other pleadings and affidavits on file or whether the court considered only the law presented and the agreement of counsel as the order of March 8, 1967, recites.
*497 In any event, and regardless of how the trial court considered the motion to quash from the procedural standpoint, nothing in the record on appeal shows that the trial court allowed the appellants any opportunity to present evidence or testimony on the question of insurance coverage.
We therefore reverse the decision of the trial court on the grounds that the appellants were not afforded adequate opportunity to present such evidence and testimony as may be relevant to their claim that the appellee, Midland National Insurance Company, is liable for the judgment entered against defendants below, Goodley and Lewis. This cause is hereby remanded to the trial court for further proceedings consistent with this opinion.
McCAIN and OWEN, JJ., concur.