PER CURIAM.
Bruce Chapman and Sylvia Chapman sued National Pool Corporation, Inc. In Count One of the Amended Complaint they charged the defendant with breach of the contract entered into between the parties which contract called for construction of a swimming pool by National at the home of the plaintiffs. In Count Two of the Amended Complaint it was alleged that the work was negligently performed.
The defendant’s answer denied that it had breached the contract or had been guilty of negligence. The cause proceeded to a jury trial resulting in a verdict and judgment for the plaintiffs.
Subsequent to the entry of final judgment and denial of rehearing, the plaintiffs determined that the judgment could not be collected from the defendant. Whereupon plaintiffs moved for leave to add as party defendant Reserve Insurance Company, National’s liability insurer, the court granted the motion and Reserve Insurance Company was added as a party defendant.
Plaintiffs’ first amended and second amended complaints were dismissed with leave to amend, and a third amended complaint was dismissed with prejudice.
The determinative point on appeal is whether the trial court erred in dismissing the plaintiffs’ third amended complaint with prejudice. We hold that the court abused its discretion in not allowing plaintiffs further leave to file an amended complaint. See principle enunciated in General Guaranty Insurance Company of Florida v. DaCosta, 190 So.2d 211 (Fla. 3d DCA 1966), 226 So.2d 104 (Fla.1969), reversed on other grounds, and Ferguson v. Goodley, 213 So.2d 495 (Fla. 4th DCA 1968). See also, 18A Fla.Jur., Insurance § 828.
Reversed and remanded with direction to permit plaintiffs to further amend their complaint.
It is so ordered.