387 So.2d 940 (1980)
FLORIDA PUBLIC SERVICE COMMISSION, Robert Shevin, Attorney General, Petitioners,
v.
TRIPLE "A" ENTERPRISES, INC., Frank Lachacz, Robert Barrett and Richard Trankley, Respondents.
No. 56338.
Supreme Court of Florida.
September 4, 1980.
*941 Prentice P. Pruitt, Legal Director, and Paul Sexton and William E. Sundstrom, Staff Counsels, Tallahassee, for Florida Public Service Commission; and Martin S. Friedman, Asst. Atty. Gen., Tallahassee, for Attorney General, petitioners.
Law Offices of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth and Larry Klein, West Palm Beach, Florida, for respondents.
James G. Mahorner, Asst. Gen. Counsel, Tallahassee, for Department of Health and Rehabilitatives Services, amicus curiae.
ADKINS, Justice.
This cause is before us by petition for writ of certiorari to review an interlocutory order of the Circuit Court of the 19th Judicial Circuit in and for Martin County holding that section 47.011, Florida Statutes (1977), is unconstitutional. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The statute reads as follows: "Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."
The court denied the petitioner's (defendant in trial court) motion for change of venue to Leon County and held that:
A. Florida Statute 47.011 as interpreted to give the State of Florida the privilege of having cases filed against it litigated and heard in Leon County is unconstitutional as a denial of the due process clause of the Fourteenth Amendment to the United States Constitution and § 21 of the Declaration of Rights to the Florida Constitution.
B. That body of law which has evolved in the State Courts of Florida granting the privilege and/or right to the State of Florida to have suits brought against the State of Florida litigated and heard in Leon County is unconstitutional as a violation of the due process clause of the Fourteenth amendment to the United States Constitution and as a violation of Article I, § 21 of the Florida Constitution.
Respondents (plaintiffs in trial court) were engaged in providing various services to the public including moving personal property or "household goods," operating under the name of Triple A Delivery Service. Defendant, Public Service Commission, wrote to the plaintiffs on July 21, 1978, advising them that their delivery service was operating without authorization from the commission, as required by chapter 323, Florida Statutes, and that if operations did not cease within five days, the commission would seek in the Circuit Court for Martin County a permanent injunction prohibiting further unauthorized operation. The defendant never sought the threatened injunction.
On August 16, 1978, the plaintiffs filed a complaint against the commission in the Circuit Court for Martin County, seeking declaratory and injunctive relief against the commission, questioning the applicability of chapter 323, Florida Statutes, to their operation, and attacking the constitutionality of portions of chapter 323, Florida Statutes, as applied to their operation.
The commission filed a motion for change of venue to Leon County, citing its common law privilege to seek venue in the county of its headquarters. The court permitted the attorney general to intervene as a party defendant, and it joined in the commission's motion for a change of venue. The court denied the motion and declared section 47.011 and the body of law establishing the venue privilege to be unconstitutional.
Defendants challenge the denial of their motion for a change of venue to Leon County, and the finding that section 47.011 and the state's common law venue privilege are unconstitutional.
*942 Absent waiver or exception in civil actions brought against the state, its agencies or subdivisions, venue properly lies in the county of its principal headquarters. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977); Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948). The commission has not waived its common law venue privilege, however, the trial court held and the plaintiffs contend that the "sword-wielder" doctrine, an exception to the state's common law venue privilege, applies to the instant case.
In Department of Revenue v. First Federal Savings and Loan Association of Fort Myers, 256 So.2d 524, 526 (Fla. 2d DCA 1971), the court stated:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on.
The "sword-wielder" doctrine is an exception to the common law venue privilege and applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted. See Carlile; Smith v. Williams.
This Court held in Smith v. Williams, that a state agency has absolute authority to control venue in an action brought primarily for the purpose of seeking judicial interpretation or a declaration of rights and duties under rules and regulations promulgated by state agencies.
In Carlile, this Court stated:
The so called "sword-wielder" doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county where the suit is filed, or when the threat of such action in said county is both real and imminent.
354 So.2d at 365.
The commission's actions do not constitute an unlawful invasion of the plaintiffs' constitutionally-protected rights. The only threat by the commission was its letter of July 21, 1978, to the plaintiffs advising them that if their unauthorized operations did not cease within five days, a permanent injunction would be sought. The record shows that no further action was taken by the commission; rather, the plaintiffs filed this action twenty-six days after the "threatening" letter was written.
In Dowdy v. Lawton 72 So.2d 50 (Fla. 1954), the Board of Dispensing Opticians wrote a letter on October 16, 1953, to a licensed dispensing optician in Pinellas County advising him that his actions had violated the Opticians Law and that the Board had no alternative but to take whatever action was necessary to carry out the law. A suit was filed twenty-eight days later on November 13, 1953, in Pinellas Circuit Court asking the court to construe the rules, declaring whether they were lawful, and whether they were constitutional. The Board moved to dismiss for improper venue which was denied. This Court quashed the order denying the motion to dismiss, and stated "at most the threat was that in due course the petitioners would take some kind of unspecified action at some time in the future." 72 So.2d at 51.
In the instant case the commission's threat was neither real nor imminent. See Department of Revenue, 256 So.2d at 526. As such, we find that the "sword-wielder" doctrine does not apply, and that the trial court erred in denying the defendants' motion for change of venue.
In denying the motion for change of venue, the court held section 47.011 and the common law venue privilege to be unconstitutional as a denial of due process under the Fourteenth Amendment to the United States Constitution and article I, section 21 of the Florida Constitution.
The Fourteenth Amendment prohibits a state from depriving any person of life, liberty, or property, without due process of law.
*943 The fundamental requirements of due process are satisfied by reasonable notice and a reasonable opportunity to be heard. Ryan v. Ryan, 277 So.2d 266 (Fla. 1973); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930).
The common law venue privilege allows for uniform interpretation by one court, thus promoting efficient and uniform rulings, and minimizing expenditure of effort and public funds. "If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied." Nebbia v. New York, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934).
It is generally conceded that a classification having some reasonable basis does not offend against the Constitutional provisions supra merely because it is not made with mathematical nicety or because in practice it may result in some inequality, and also that one who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas. 1912C, 160.
McMillan v. Nelson, 149 Fla. 334, 340, 5 So.2d 867, 870 (1942).
In its original order denying defendants' motion for change of venue, the trial court stated that requiring the plaintiffs to pursue their action in Leon County would be unduly burdensome as to time and cost. The objectives of promoting efficient and uniform rulings, and minimizing expenditures, although they may in practice be burdensome, are nonetheless valid objectives.
Article I, section 21, Florida Constitution, provides, "Access to courts.  The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
The trial court held that the venue privilege permitting the defendants to be sued in the county of their residence was unconstitutional as a change of venue would have caused a "delay" in the administration of justice. Had the plaintiffs filed suit in Leon County, the venue statute would have caused no delay. To the contrary, the case would have proceeded more rapidly as the Leon County sheriff could have served process on the defendants without delay.
We conclude that the venue statute and the common law venue privilege are not unconstitutional as the statute is neither unreasonable nor arbitrary. This case is remanded to the circuit court for further proceedings not inconsistent with the opinion. It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.