COBB, Judge.
The issue in this case is whether the trial court erred in refusing to transfer venue. We hold it did and reverse and remand for transfer to Seminole County.
Appellant, Hedron Construction Company, served a demand for arbitration on the appellee, District Board of Trustees of Bre-vard Community College, on August 21, 1981. On October 28, 1981, the Board filed a petition to stay arbitration in the Brevard County Circuit Court. Hedron then filed a motion to transfer venue to Seminole County, which it claimed was its sole place of business. This motion was denied by the trial court and Hedron filed this appeal.[1]
*394 Appellant correctly contends that section 682.19, Florida Statutes (1981),[2] which provides for venue in arbitration actions, displaces the general venue provisions of section 47.051.
If a suit is brought under a specific state statute, and that statute provides for its own individual venue, then such specifically prescribed venue governs. Stewart v. Carr, 218 So.2d 525 (Fla.2d DCA 1969). See also: Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). Deeb, Inc. v. Board of Public Instruction of Columbia County, 196 So.2d 22 (Fla.2d DCA 1967).
Therefore, the trial court ruled improperly in denying the change of venue and the cause is reversed and remanded for transfer to Seminole County.[3]
REVERSED and REMANDED WITH INSTRUCTIONS.
SHARP and COWART, JJ., concur.

. This appeal is brought pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).

. Section 682.19 reads as follows:
Venue. — Any application under this law may be made to the court of the county in which the other party to the agreement or provision for arbitration resides or has a place of business, or if he had no residence or place of business in the state, then to the court of any county. All applications under this law subsequent to an initial application shall be made to the court hearing the initial application unless it shall order otherwise.

. This result renders moot the trial court’s dismissal of the Board’s petition, which is currently on appeal before this court (No. 82-217).