WIGGINTON, Judge.
Appellee, Brenda Lee Robinson, filed a complaint for wrongful death in Jackson County, Florida, naming as defendants, the Florida Department of Transportation (DOT), Atlanta & St. Andrews Bay Railroad Company (Bayline), and Jackson County. In her complaint Mrs. Robinson alleged, inter alia, that all three defendants failed to provide adequate or appropriate signal warning devices, as were their respective duties, at the railroad crossing where her husband was killed in a collision with a train operated by Bayline.
Appellant, DOT, filed a motion to dismiss, incorporating an alternative prayer for change of venue to Leon County, Florida, pursuant to its common law home venue privilege. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). On June 1, 1982, the trial court entered an order denying DOT’s motion and finding that venue was proper in Jackson County. Subsequent to that order, Mrs. Robinson and Jackson County entered into a settlement agreement. Because we find DOT’s venue privilege controlling here, we reverse the order of the trial court.
The common law venue privilege provides that, absent waiver or exception, “venue in civil actions brought against the state or one of its subdivisions properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters.” Carlile, at 366. That principle has been consistently reaffirmed with few exceptions. See Florida Public Service Commission v. Triple “A” Enterprises, Inc., 387 So.2d 940 (Fla.1980); Department of Corrections v. Edwards, 410 So.2d 959 (Fla. 1st DCA 1982); County of Volusia v. Atlantic International Investment Corp., 394 So.2d 477 (Fla. 1st DCA 1981); Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1978); City of Boca Raton v. Walker, 354 So.2d 440 (Fla. 3d DCA 1978).
DOT has not waived its privilege and the circumstances are not so extraordinary as to provide an exception to the privilege. Cf. Grice v. Bd. of County Com’rs of Madison County, 413 So.2d 88 (Fla. 1st DCA 1982), certified question docketed, no. 62,174 (Fla. June 10, 1982). Accordingly, the cause of action, as it affects only the Department of Transportation, should be transferred to Leon County, where DOT maintains its principal headquarters.[1]
MILLS and ERVIN, JJ., concur.

. We do not by this opinion, however, preclude the parties from moving for the trial court’s consideration of changing venue of the entire action to Leon County for purposes of convenience. See Section 47.122, Fla.Stat. (1981).