528 So.2d 454 (1988)
Queen WILLIAMS, Appellant,
v.
UNION NATIONAL INSURANCE COMPANY, Appellee.
No. 87-1880.
District Court of Appeal of Florida, First District.
July 1, 1988.
*455 Stephen A. Smith, Lake City, for appellant.
Brannon, Brown, Haley, Robinson & Cole, Lake City, Jeffrey M. Bell of Taylor, Brion, Buker & Greene, Miami, for appellee.
SMITH, Chief Judge.
Queen Williams appeals, contending the trial court erred in transferring her suit against Union National Insurance Company (Union) from Columbia County to Dade County. We agree and reverse.
Williams sued Union, alleging that Union issued to Andrew Jackson an automobile liability insurance policy for the policy period of April 8, 1986, to April 8, 1987, and that she was injured by Jackson's negligent operation of an automobile in Columbia County on May 25, 1986, while the policy was still in full force and effect. Williams further alleged that she recovered a judgment against Jackson in Columbia County for the amount of $75,000.00, and having recovered this judgment against Union's insured, is entitled to a judgment against Union.[1]
The applicable venue statute is section 47.051, Florida Statutes (1987), which provides that actions against domestic corporations shall be brought only in the county where such corporation has or usually keeps an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Since there is no property in litigation, the proper venue for this action is the county where Union keeps an office for transaction of its customary business, or where the cause of action accrued.
Union argues on appeal, as it did below, that venue belongs in Dade County because it is a Florida corporation whose principal and only place of business is Dade County. Further, Union likens this action to a declaratory relief action to determine coverage under the insurance policy, and contends that because the policy in question was executed and cancelled in Dade County, the proper venue is Dade County. Union *456 maintains that it will defend, moreover, on the grounds that it cancelled the policy before the accident when Jackson's check for the premium was returned for insufficient funds.
The plaintiff has the prerogative of selecting venue; and so long as that selection is one of the statutory alternatives, it will not be disturbed. The party seeking to change venue has the burden of demonstrating that the plaintiff's selection is contrary to the statutory privilege. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978).
We disagree with Union's characterization of this complaint as one seeking a determination of coverage under the insurance policy. Rather, the gravamen of appellant's complaint is that, having secured a judgment against Jackson for a loss covered by the policy, she is a third party beneficiary of the insurance contract between Jackson and the insurance company, and that she is entitled to the proceeds from the contract. In essence, she has alleged that Union breached this contract when it failed to pay the judgment recovered against its insured, Jackson, in Columbia County.
For venue purposes in a contract action, the cause of action accrues where the act of default occurs. Perry Building Systems, Inc., 361 So.2d at 444. In this case, the default occurred when Union failed to pay the judgment entered against its insured in Columbia County. Where there is an express promise to pay a sum of money and no place of payment is stipulated, the debtor must seek the creditor and payment is to be made in the county where the payee resides. Id. at 444-5. Thus, appellant's selection of venue in Columbia County, where she resides, is proper. Union established only that venue was proper in Dade County but not that venue was improper in Columbia County. The fact that Union intends to raise a coverage defense in this case does not change the nature of the cause of action alleged by appellant. The action should not have been transferred to Dade County.
REVERSED and REMANDED for further proceedings in Columbia County.
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] While the customary procedure followed by an injured person after recovery of a judgment against the insured is to pursue execution of that judgment by way of proceedings supplementary to execution or by garnishment, Ferguson v. Goodley, 213 So.2d 495 (Fla. 4th DCA 1968); General Guaranty Company of Florida v. Da Costa, 190 So.2d 211 (Fla. 3d DCA 1966), appellant can file a direct suit against the insurance company. Peerless Insurance Co. v. Sheehan, 194 So.2d 285 (Fla. 2d DCA 1967).