571 So.2d 61 (1990)
BARRY COOK FORD, INC., Appellant,
v.
FORD MOTOR COMPANY, Appellee.
No. 90-1178.
District Court of Appeal of Florida, First District.
December 5, 1990.
William C. Owen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., and Daniel D. Myers and Walter E. Forehand of Myers & Forehand, Tallahassee, for appellant.
Dean Bunch and Robert L. Hessman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Tallahassee, for appellee.
PER CURIAM.
Plaintiff/appellant Barry Cook Ford, Inc. (Cook) challenges a non-final order transferring venue pursuant to section 47.051, Florida Statutes (1989), from Leon County to Polk County. Although located in Polk County, Cook chose to file its suit, arising from a franchise termination, against Ford Motor Company (FMC) in Leon County where FMC has another franchisee, Tallahassee Motors, Inc. (TMI). We reverse.
As the appellate court with jurisdiction over the transferring court, this court has jurisdiction to consider the appeal of the order. Davis v. Florida Power Corp., 486 So.2d 34 (Fla. 2d DCA 1986). While the primary purpose of venue statutes is to require litigation to be instituted in the forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action, it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed. The plaintiff's decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate any impropriety in the plaintiff's choice. See Piper Aircraft Corp. v. Schwendemann, 564 So.2d 546 (Fla. 3d DCA 1990); Premier Cruise Lines, Ltd. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990); Williams v. Union Nat. Ins. Co., 528 So.2d 454 (Fla. 1st DCA 1988).
The trial court inappropriately transferred venue in this case. Under section 47.051, FMC is a foreign corporation doing business in Florida, which has an "agent or other representative" doing business *62 in Leon County. Since Cook chose one of the statutory alternatives, its selection should not have been disturbed by the trial court unless FMC demonstrated an impropriety in its choice. The record indicates that FMC did not meet this burden and that the trial court's ruling was limited to the scope of section 47.051. See Berdos v. Dowling, 544 So.2d 1129 (Fla. 4th DCA 1989).
REVERSED and REMANDED.
ERVIN, WIGGINTON and MINER, JJ., concur.