594 So.2d 862 (1992)
State of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellant,
v.
SUMMIT CONSULTING, INC., a Florida Corporation, Appellee.
No. 91-02818.
District Court of Appeal of Florida, Second District.
March 4, 1992.
*863 Cecilia F. Renn, Chief Legal Counsel and Edward A. Dion, Asst. General Counsel, Tallahassee, for appellant.
Charles T. Canady and Thomas L. Clarke, Jr., of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee.
PATTERSON, Judge.
The State of Florida, Department of Labor and Employment Security (the Department), appeals the trial court's denial of its motion to dismiss the complaint filed by Summit Consulting, Inc. (Summit). The Department contends the complaint should have been dismissed for improper venue since it is a state agency entitled to a venue privilege. We agree.
The Department forwarded a letter to Summit advising it of a fifty dollar fine for failure to make a timely payment to a worker's compensation claimant. On that same date, the Department forwarded to Summit a penalty assessment order requiring payment of a fifty dollar fine. Summit responded to the letter by requesting the Department to reconsider its penalty order. The Department advised Summit that it was referring the matter to a judge of compensation claims pursuant to section 440.021, Florida Statutes (1989).
Summit then filed its complaint for declaratory and injunctive relief in the Polk County Circuit Court. The complaint sought a declaration that section 440.20(9)(c), Florida Statutes (Supp. 1990), and Florida Administrative Code Rule 38F-3.015 are unconstitutional. In its complaint, Summit alleged that these sections failed to provide procedural due process and that Summit's principal place of business was in Polk County. The Department, however, maintains its principal place of business in Leon County, and it filed a motion to dismiss based on the improper venue.
"Absent waiver or exception in civil actions brought against the state, its agencies or subdivisions, venue properly lies in the county of its principal headquarters." Florida Pub. Serv. Comm'n v. Triple "A" Enters. Inc., 387 So.2d 940, 942 (Fla. 1980). A waiver of the state's general venue privilege occurs where a real and imminent deprivation of the claimant's constitutional rights can be shown. 387 So.2d at 942; Board of Medical Examiners v. Kadivar, 482 So.2d 501 (Fla. 4th DCA 1986).
The procedure set out in chapter 440 of the Florida Statutes and in the administrative code rule, determining whether an assessment against a claimant is proper, does not deprive Summit of its constitutional rights since the procedure provides notice and an opportunity to contest the assessment. Under the statutory scheme, a fine may be imposed without a hearing. The recipient of the fine, however, can challenge the imposition of the fine, and if the Department disagrees with the challenge, it refers the matter to a judge of compensation claims. The recipient then has an opportunity to be heard before final determination is made. §§ 440.25(3) and (4), Fla. Stat. (Supp. 1990).
Therefore, since Summit failed to show that a deprivation of its constitutional rights was real and imminent, no waiver of the venue privilege occurred. Accordingly, we reverse and remand for transfer to the Leon County Circuit Court.
LEHAN, A.C.J., and FRANK, J., concur.