644 So.2d 333 (1994)
Lisa BARR, Appellant,
v.
The FLORIDA BOARD OF REGENTS, Appellee.
No. 94-1534.
District Court of Appeal of Florida, First District.
October 28, 1994.
*334 Patrice Flinchbaugh Boyes, of Boyes & Jester, P.A., Gainesville, for appellant.
Steven D. Prevaux, Counsel, and Julie Sheppard, Associate Counsel, Florida Bd. of Regents, Tallahassee, for appellee.
JOANOS, Judge.
Appellant, Lisa Barr, appeals a non-final order granting a motion of The Florida Board of Regents (BOR), to abate improper venue, and transferring venue of this cause from Alachua County, Florida, to Leon County, Florida. We reverse.
In 1988, appellant was employed by the University of Florida (UF) as a non-tenured instructor and morning news show host of WUFT, a National Public Radio affiliate located on the UF campus, and operated through the UF College of Journalism. On June 10, 1992, appellant was notified of the renewal of her one-year contract, and of her reassignment to a non-broadcast position at the radio station. On July 1, 1992, appellant filed a grievance pursuant to the collective bargaining agreement between the BOR and the United Faculty of Florida (UFF), to protest her reassignment. On July 10, 1992, appellant received a termination notice. On August 10, 1992, appellant filed a second grievance to contest the termination notice. In June 1993, an arbitration hearing was held in Gainesville to resolve appellant's second grievance. In August 1993, the arbitrator issued a decision affirming the termination of appellant's employment.
Appellant then filed a motion in Alachua County Circuit Court to vacate the arbitration award, raising as grounds therefor that the arbitrator's award abrogated appellant's right to participate in union activity. In her motion, appellant alleged that the arbitrator issued an award which violated public policy, in that it permitted management to terminate her employment immediately after she filed the first grievance in the sixteen-year history of the UF College of Journalism. Appellant further alleged that the timing of the termination notice only days after she filed her first grievance was sufficient on its face to support an allegation of retaliatory discharge and anti-union animus in violation of the First Amendment of the United States Constitution. Shortly thereafter, the BOR filed a motion to abate venue, alleging that venue was proper and more economical for the state agency in Tallahassee, where the BOR maintains its headquarters. Appellant's response asserted the propriety of venue in Alachua County, stating as grounds: (1) the cause of action arose in Alachua County, (2) the subsequent arbitration proceeding was held in Alachua County, (3) the governing statute permits appellant to file her petition in Alachua County, (4) the BOR failed to overcome the presumption of correctness to be accorded the petitioner's choice of venue, (5) the "sword wielder" exception applied so as to displace the state's home venue privilege, and (6) the BOR waived its venue defense by appearing in Alachua County to defend in the arbitration proceeding. On April 12, 1994, the trial court issued an order granting the BOR's motion to transfer venue to Leon County. The order did not indicate the reasons relied *335 upon by the trial court for rejecting appellant's choice of venue.
It is an established rule of venue that it is the plaintiff's prerogative 
to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed. The plaintiff's decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate any impropriety in the plaintiff's choice.
Barry Cook Ford, Inc. v. Ford Motor Co., 571 So.2d 61 (Fla. 1st DCA 1990). Accord Williams v. Union National Insurance Co., 528 So.2d 454, 456 (Fla. 1st DCA 1988); Premier Cruise Lines, Ltd. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990); Schecter v. Fishman, 525 So.2d 502 (Fla. 5th DCA 1988). In Barry Cook Ford and in Williams, changes of venue granted by the respective trial courts were reversed, because defendants failed to show any impropriety in the statutory alternative selected by the plaintiff.
The general venue statute controls actions brought under the common law or under statutes not containing a specific provision respecting venue. Stewart v. Carr, 218 So.2d 525, 527 (Fla. 2d DCA 1969). See also Gaboury v. Flagler Hospital, Inc., 316 So.2d 642, 644 (Fla. 4th DCA 1975); Deeb, Inc. v. Board of Public Instruction, 196 So.2d 22, 24 (Fla. 2d DCA 1967). In actions brought under statutes possessing their own special venue section, the question of venue will be governed by the special venue provision. Hedron Construction Co., Inc. v. District Board of Trustees of Brevard Community College, 420 So.2d 393 (Fla. 5th DCA 1982). Thus, "where the Legislature provides affirmatively that an action may be brought in a certain county or choice of counties, a Court may not impose its will as to venue in order to force the plaintiff to accept another forum." Stewart v. Carr, 218 So.2d at 527.
In a civil action against the state or one of its agencies, the Florida common law home venue privilege provides that venue is proper in the county where the agency maintains its principal headquarters. Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940, 942 (Fla. 1980); Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362, 365 (Fla. 1977); Levy County School Board v. Bowdoin, 607 So.2d 479, 481 (Fla. 1st DCA 1992); Department of Transportation v. Robinson, 424 So.2d 883, 884 (Fla. 1st DCA 1982). The home venue privilege is long standing and controls in most situations, but it is subject to two exceptions. Carlile, 354 So.2d at 363-364; Graham v. Edwards, 472 So.2d 803, 805 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986). The first exception is when the plaintiff seeks judicial protection from a real or imminent danger of invasion of the plaintiff's constitutional rights by the state agency. PSC v. Triple "A", 387 So.2d at 942; Graham v. Vann, 394 So.2d 178, 179 (Fla. 1st DCA 1981); State, Department of Labor and Employment Security v. Summit Consulting, Inc., 594 So.2d 862, 863 (Fla. 2d DCA 1992). See also Trawick, Florida Practice and Procedure, § 5-2 (1993 ed.). This exception is known as the "sword wielder" doctrine.[1] Under the sword wielder doctrine, a suit for the protection of the plaintiff's rights may be brought in the county where the infringement of rights is threatened or has occurred. PSC v. Triple "A", 387 So.2d at 942; Graham v. Vann, 394 So.2d at 179; Department of Revenue v. First Federal Savings & Loan Association of Fort Myers, 256 So.2d 524, 526 (Fla. 2d DCA 1971); Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978) (trial court's change of venue to Leon County reversed because Dade County was the situs of the alleged *336 violations of plaintiff's constitutional rights). The second exception is when venue is waived by statute. Trawick, Florida Practice and Procedure, § 5-2 (1993 ed.). See also Hedron, 420 So. 2d at 394 (holding that section 682.19 "which provides for venue in arbitration actions, displaces the general venue provisions of section 47.051.").
The cause of action underlying this appeal from an interlocutory order transferring venue was brought under the provisions of the Florida Arbitration Code. Appellant filed a motion to vacate the arbitration award, pursuant to section 682.13(1)(b) and (c), Florida Statutes, which provides:
(1) Upon application of a party, the court shall vacate an award when:
... .
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
If an award is vacated on the basis of any of the grounds enumerated in section 682.13(1)(a-d), "the court may order a rehearing before new arbitrators." § 682.13(3), Fla. Stat. (1991).
In addition to providing a specific procedure for arbitration and enforcement of awards under the Arbitration Code, Chapter 682 has a specific venue provision, section 682.19, which states:
Any application under this law may be made to the court of the county in which the other party to the agreement or provision for arbitration resides or has a place of business, or, if he has no residence or place of business in this state, then to the court of any county. All applications under this law subsequent to an initial application shall be made to the court hearing the initial application unless it shall order otherwise.
Appellant's motion to vacate the arbitrator's award alleged that the arbitrator revealed his partiality for UF, and the arbitrator exceeded his powers by issuing an award which violates public policy as embodied in the decisional law construing the First Amendment of the United States Constitution. Appellant asserted, and cited authority for the proposition that, an employer may not discharge, retaliate, or discriminate against a public employee who participates in a federally protected activity, such as filing grievances in a manner prescribed by a collective bargaining agreement.
The propriety of the transfer of venue in this case involves a consideration of several factors. First, we believe a reasonable argument can be made that the BOR's home venue privilege is superseded in arbitration actions by the provisions of section 682.19, Florida Statutes. The instant action was brought under the Arbitration Code which has a specific venue section, suggesting that the specifically prescribed venue provision governs. See Hedron, 420 So.2d at 394, and cases there cited. See also Trawick, Florida Practice and Procedure, § 502 (1993 ed.).
In this vein, a review of Chapter 240 of the Florida Statutes reveals that the duties and responsibilities of the BOR are broad in scope, both as to the nature of the duties and as to the different locales where those duties are to be discharged. Section 240.2011, Florida Statutes, indicates that the State University System consists of the BOR of the Division of Universities of the Department of Education with a central office located in Leon County, and the nine state universities, seven of which have main campuses located in counties other than Leon.[2] Among other things, the BOR has the duty to "[e]stablish and maintain systemwide personnel programs for all State University System employees, including a systemwide personnel classification and pay plan." § 240.209(3)(e), Fla. Stat. (1991). The section detailing the duties of the university presidents specifies that "any applicable collective bargaining agreements [are] under the supervision of the Board of Regents." § 240.227(19), Fla. Stat. (1991). These provisions demonstrate *337 that by statute, the BOR maintains its principal headquarters in Leon County, but the nature of the BOR's responsibilities and duties requires that those duties are to be discharged, in part, in the counties where the main campuses of the nine state universities are located. For purposes of the section 682.19 venue provision, the BOR's duty to supervise collective bargaining agreements of the respective state universities arguably could support a determination that the BOR has a "place of business" in each county where a state university has its main campus.
Nevertheless, we find it unnecessary to make that determination in this instance, because we conclude the manner of appellant's termination warrants application of the "sword-wielder" exception to the state's home venue privilege. Here, the official action complained of was performed in Alachua County, the county where appellant's motion to vacate the arbitrator's award was filed. Appellant's pleadings allege that the state agency was the initial sword-wielder in this matter. In filing her motion to vacate the arbitrator's opinion and award, appellant's primary purpose was to obtain direct judicial protection from the alleged unlawful invasion of her constitutional rights, without "reprisal of any kind."[3]See Carlile, 354 So.2d at 365. Here, the BOR notified appellant that her employment was being terminated only eight to ten days after she filed a grievance regarding her reassignment. Thus, her second grievance was in the nature of a "shield" to the sword-wielding conduct of the BOR. We conclude the circumstances of this termination warrant application of the "sword-wielder" exception to the state agency's home venue privilege.
In summary, we hold that application of the sword-wielder exception to the BOR's home venue privilege is appropriate in this case, making venue proper in Alachua County, where the official act complained of allegedly occurred and where the motion to vacate the arbitrator's award was filed. Appellant has also asserted and we agree that the extra costs and delay attendant upon litigating this cause in Leon County would be prejudicial not only to appellant, but also to the witnesses who testified at the arbitration proceeding. If the trial court were to vacate the award, and order a rehearing before a new arbitrator, see § 682.13(3), it is reasonable to conclude that the same witnesses would be called to testify. Since these witnesses are employed by UF at its main campus in Alachua County, venue in Alachua County will facilitate the taking of evidence necessary for a determination of appellant's grievance.
Accordingly, the order transferring venue is reversed.
WOLF and BENTON, JJ., concur.
NOTES
[1] In Graham v. Vann, 394 So.2d 178, 179 (Fla. 1st DCA 1981), the court explained:

One recognized exception to the [state's home venue privilege] rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or alleged to have been committed.
[2] The main campuses of Florida State University and Florida Agricultural and Mechanical University are located in Leon County, the situs of the BOR's principal headquarters.
[3] Specifically, appellant alleges infringement of her First Amendment right to freedom of expression by filing a grievance in accordance with the provisions of the collective bargaining agreement. Article 20.14 of the BOR/UFF Collective Bargaining Agreement provides:

20.14 Reprisal. No reprisal of any kind will be made by the Board, its representatives, or the UFF against any grievant, any witness, any UFF representative, or any other participant in the grievance procedure by reason of such participation.