JOANOS, Judge.
Appellant, Panache on Park Avenue, appeals a non-final order issued by the Clay County Circuit Court transferring venue from Clay County to St. John’s County. The issues are (1) whether appellee’s use of appellant’s service name in appellant’s trade area constitutes a sufficient overt act to support venue in appellant’s trade area, and (2) whether appellee met its burden to overcome the presumption of correctness as to appellant’s choice of venue. We reverse.
The record in this cause reflects that prior to filing suit, appellant attempted to resolve the dispute amicably and informally. Appellant advised appellee that Panache of Park Avenue, Inc. had been a Florida corporation since 1986, with its principal place of business in Clay County, with exclusive use of the name “Panache” under both common and statutory law, and through its advertising was well known to the public throughout Clay County and Duval County. Appellant requested that appellee comply with Florida’s Fictitious Name Act and cease its use of the name “Panache,” and cease advertising under the name “Panache.” When these efforts proved unavailing, appellant filed suit, alleging that appellee was conducting a business substantially identical in nature and directly competitive with that of appellant. The complaint sought to enjoin appellee’s infringement of the name “Panache”; damages for loss of benefit of appellant’s advertising, good will, and diverted business; and damages for unfair competition.
Appellee responded with a motion to abate for improper venue, raising as grounds therefor that appellee’s principal place of business is St. Johns County, and appellee’s conduct which gave rise to this action occurred in St. Johns County. Appellant filed a response to the motion, asserting the propriety of venue in Clay County, and re-asserting its exclusive right to the service name “Panache” in Clay County. The response alleged that appellee had advertised and continued to advertise in Clay County, using appellant’s service name “Panache” in the Folio Weekly, a weekly newspaper circulated in Clay County. The response was supported by affidavits attesting to the propriety of venue in Clay County.
The Clay County Circuit Court issued an ahiended order finding that appellee’s business is located in St. Johns County, and that its advertising activity in Clay County is not a sufficient overt act to allow venue in Clay County. The judge treated the motion to abate as a motion to transfer venue, and transferred venue to St. Johns County.
*584 Venue for actions against corporations is governed by section 47.051, Florida Statutes.[1] It is the plaintiffs prerogative to select venue, and so long as the choice is one of the statutory alternatives, the plaintiffs selection will not be disturbed. “The plaintiffs decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate any impropriety in the plaintiffs choice.” Barry Cook Ford, Inc. v. Ford Motor Co., 571 So.2d 61 (Fla. 1st DCA 1990). Accord Williams v. Union National Insurance Co., 528 So.2d 454, 456 (Fla. 1st DCA 1988); Premier Cruise Lines, Ltd. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990).
In Luckie v. McCall, 153 So.2d 311 (Fla. 1st DCA), cert. denied, 157 So.2d 817 (Fla. 1963), this court considered a venue issue in the context of an unfair competition claim similar to that advanced by appellant in this case. There, the plaintiff sought an injunction against defendants’ use of plaintiffs trade name, marks, and labels in the marketing of defendants’ products in Hamilton and neighboring counties. The individual defendants were residents of Dade County, Florida, and the corporation had its headquarters in Dade County. Finding the unrefuted allegations of the verified complaint were sufficient to show that a cause of action for injunctive relief accrued in Hamilton County, the court held: “under the venue statutes of this state a cause of action to enjoin unfair competition accrues to the injured party and may be maintained in any county in which occurs an overt act constituting unfair competition, coupled with an apparent intent to continue the violation of plaintiffs rights.” The overt act in Luckie was deemed to be the alleged placing into the channels of commerce in Hamilton County the articles offered for sale in violation of the plaintiffs rights.
In the instant case, the motion to abate for improper venue and the attached affidavit indicate that appellee’s principal place of business is located in St. Johns County, and it conducts all business, including advertising orders, in St. Johns County. Significantly, appellee made no averments regarding its advertisements in a weekly newspaper circulated in Clay County and Duval County.
We conclude that advertising the sale of one’s services under a competitor’s service name and in the competitor’s service area would constitute an overt act of unfair competition within the contemplation of Luckie v. McCall. The circumstances of this case are somewhat analogous to a cause of action in libel which accrues in the county or counties where the publication is distributed or placed on sale. See Armstrong v. Times Publishing Co., 481 So.2d 41, 42 (Fla. 1st DCA 1985). It appears a cause of action for unfair competition, based on weekly newspaper advertisements in the counties and under the service name of one’s competitor, accrues in the counties where the newspaper carrying the advertisements is distributed or placed on sale.
Appellant in this case placed venue in Clay County, based on an allegation that appel-lee’s acts of unfair competition, i.e., advertising in appellant’s service area under appellant’s service name, occurred in Clay County and Duval County. Since it is uncontrovert-ed that appellee advertises in Clay County and Duval County on a continuing basis, it follows that such advertising constitutes a part of appellee’s “customary business.” Although the advertising orders are placed in St. Johns County, it is reasonable to infer that appellee expects to attract customers from Clay and Duval Counties, or it would not pay to advertise in those counties. In failing to dispute appellant’s specific allegations, appellee’s averments were insufficient to establish that the conduct giving rise to the action did not occur in Clay County. Thus, appellee failed to overcome the presumption of correctness accorded to appellant’s choice of venue. In view of this failure, the order transferring venue from Clay County to St. Johns County constituted an abuse of discretion.
*585 Accordingly, the order transferring venue is vacated, and this canse is remanded with directions to reinstate venue in Clay County.
ERVIN and BARFIELD, JJ., concur.

. § 47.051, Florida Statutes, states in part: Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located....