983 So.2d 61 (2008)
FLORIDA DIVISION OF PARI-MUTUEL WAGERING OF the FLORIDA DEPARTMENT OF PROFESSIONAL REGULATION, David J. Roberts, Joe Dillmore and Milt Champion, Appellants,
v.
FLORIDA STANDARDBRED BREEDERS & OWNERS ASSOCIATION, INC., a Florida corporation, Appellee.
No. 4D07-4252.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
*62 Joseph M. Helton, Jr., Chief Attorney and Charles T. Collette, Assistant General Counsel, Tallahassee, for appellants.
Jeffrey C. Schneider and Maria N. Vernace of Tew Cardenas LLP, Miami, for appellee.
MAY, J.
The Florida Division of Pari-Mutuel Wagering [Division] appeals an order denying its motion to dismiss or transfer venue. It argues the trial court erred in relying on the sword-wielder doctrine to deny the Division its home rule privilege. We agree and reverse.
In July 2007 the Florida Standardbred Breeders and Owners Association, Inc. [Association] served its Amended Complaint against PPI, Inc., d/b/a Pompano Park Racing [Park], and the Division, along with three named individuals in their official capacities. Even though the Division's home venue is Leon County, the Association filed suit in Broward County. The Association alleged that it had a contractual relationship with the Park for forty years, but that after slot machines became legal in Broward County, the parties could not agree on the division of slot machine revenues and have not entered into a new contract. It further alleged that the Division improperly issued a license to the Park without the requisite contract in place.
The Association sought damages for the Park's refusal to recognize its obligation to renew its contract with the Association and to share in the slot machine proceeds. The Association requested an interpretation of the applicable statutes and a declaration that the Park's license is invalid until the Park enters into a contract with the Association.
The Division moved to dismiss or transfer venue arguing it was entitled to be sued only in Leon County under the common law home venue privilege. At the hearing, the Division argued that the Division's issuance of a slot machine license to the Park could not be construed as the requisite affirmative act to invoke the sword-wielder exception. The Association responded that it would be too costly to litigate in Leon County. It argued that the legislature's failure to include Standardbreds in subsection 551.104(10)(a), Florida Statutes (2006) was simply an oversight.
The trial court denied the motion to dismiss or transfer finding that the sword-wielder exception to the home venue privilege applied. It found that there was a deprivation of a property right and merit in the Association's claim of a violation of constitutional rights.
On appeal, the Division argues that the Association's real complaint is with the parties' interpretation of section 551.104(10)(a). It argues that it has done nothing that would allow the Association to invoke the sword-wielder's exception to the common law home venue privilege. The Association argues the Division's issuance of a slot machine license to the Park in Broward County violated its constitutional and property rights there, allowing for application of the sword-wielder's exception to the home venue privilege. Alternatively, the Association urges us to judicially create a fifth exception to the home venue privilege.
Because the order on review involves a matter of law, our review is de novo. Blackhawk Quarry Co. of Fla., Inc. v. Hewitt Contracting Co., 931 So.2d 197, 199 (Fla. 5th DCA 2006).
When the defendant is a governmental agency, it maintains the privilege of being sued only in the county of its headquarters. *63 §§ 47.011, 47.122, Fla. Stat. (2006); Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948) (creating the home venue privilege). The only time that privilege is not enforced is when an agency waives it or an exception to the privilege applies.
Here, the Association relies on the sword-wielder exception to avoid the application of the home venue privilege. That exception applies "when the plaintiff seeks judicial protection from a real or imminent danger of invasion of the plaintiff's constitutional rights by the state agency." Barr v. Fla. Bd. of Regents, 644 So.2d 333, 335 (Fla. 1st DCA 1994). To analyze the issue, we must determine if the Division was the "initial sword-wielder" or whether the Association is the "prime mover." Dep't of Revenue v. First Fed. Sav. & Loan Ass'n of Fort Myers, 256 So.2d 524, 526 (Fla. 2d DCA 1971).
The relevant statutory provision provides:
(10)(a) No slot machine license or renewal thereof shall be issued to an applicant holding a permit under chapter 550 to conduct pari-mutuel wagering meets of thoroughbred racing unless the applicant has on file with the division a binding written agreement between the applicant and the Florida Horsemen's Benevolent and Protective Association, Inc., governing the payment of purses on live thoroughbred races conducted at the licensee's pari-mutuel facility. In addition, no slot machine license or renewal thereof shall be issued to such an applicant unless the applicant has on file with the division a binding written agreement between the applicant and the Florida Thoroughbred Breeders' Association, Inc., governing the payment of breeders', stallion, and special racing awards on live thoroughbred races conducted at the licensee's pari-mutuel facility. . . . All sums for breeders', stallion, and special racing awards shall be remitted monthly to the Florida Thoroughbred Breeders' Association, Inc., for the payment of awards subject to the administrative fee authorized in s. 550.2625(3).
§ 551.104(10)(a), Fla. Stat. (2006) (emphasis added). The question to ultimately be decided is whether the statute's contract requirement applies to the Florida Standardbred Breeders and Owners Association, Inc.
Here, the Association maintains it is entitled to a portion of the Park's slot machine proceeds under section 551.104(10)(a). The Park maintains that the statute does not apply to this group of horsemen. The Division is accused of issuing a slot machine license to the Park without requiring the Park to show proof of a contract between the Park and the Association.
Because this case solely seeks a judicial declaration of the Association's and Park's rights or duties under chapter 551, the action is not one in which the Association "seeks judicial protection from a real or imminent danger of invasion of the plaintiff's constitutional rights by the state agency." Barr, 644 So.2d at 335. It is not one in which the Division wielded a sword against the Association. This suit, therefore, is outside the sword-wielder exception to the home venue privilege. The trial court erred when it denied the Division's motion to dismiss or transfer venue because the allegations do not support the application of the sword-wielder exception to the home venue privilege.
Reversed and Remanded.
SHAHOOD, C.J., and POLEN, J., concur.