Gross, J.
A.W. appeals a final order of the Agency for Health Care Administration (the "Agency") that dismissed her request for a Medicaid Fair Hearing. We reverse because the Agency's method of notifying A.W. about the hearing did not comply with the dictates of due process.
Appellant is a Medicaid recipient under a plan administered by Humana. Appellant submitted a request to Humana for certain outpatient services. After reviewing the request, *401 Humana sent her a Notice of Adverse Benefit Determination denying her request, determining that the services were "not medically necessary" and were for "elective cosmetic surgery," which Humana indicated was not a covered benefit under the Florida Medicaid rules.
Appellant filed an expedited appeal with Humana. Humana responded with a Notice of Plan Appeal Resolution denying her appeal, noting that "[t]he requested service is cosmetic in nature and is therefore considered not reasonable and necessary." The notice included information on appellant's right to request a State Medicaid Fair Hearing and the procedure for doing so.
Over the telephone, appellant requested a Medicaid Fair Hearing through the Agency's Office of Fair Hearings. She gave out certain personal information over the phone. The Agency acknowledged appellant's request in a letter, an Acknowledgement of Medicaid Fair Hearing Request, which included appellant's name, mailing address, telephone number, and e-mail address, and stated in pertinent part:
Recipient's Designation of Mailing Address or E-mail Address
The mailing address provided above for the Recipient or Recipient's representative is the Recipient's address of record for this fair hearing. Information regarding this fair hearing will be sent to the address above. It is very important to update this address with the Office of Fair Hearings if there is any change. The Recipient or Recipient's representative may request that fair hearing information be provided by e-mail . It is very important to update any change to the email address with the Office of Fair Hearings. If Recipient or Recipient's authorized representative designates an email address, service at the e-mail address will be presumed to be valid service .
(Emphasis added). The letter was provided to appellant solely via e-mail.
Appellant filed a grievance with Humana concerning her ability to access records so she could prepare for her Medicaid Fair Hearing. Humana responded in writing, stating that it does not provide medical records on the online portal and that appellant might be able to request them from the provider. The letter referenced her fair hearing request and indicated that "a hearing has not been scheduled at this time." The letter further stated that if and when a hearing is scheduled, Humana "will create a packet with all the information used in the appeal denial and send it to [her] and to [the Agency]." This letter was sent to appellant via regular U.S. mail.
On January 10, 2018, the Agency issued an order scheduling fair hearing by telephone and prehearing instructions ("Notice of Hearing"). The Notice of Hearing was sent to appellant via e-mail only. Appellant insists that she never received the Notice.
Appellant failed to appear at the scheduled fair hearing. The Agency issued an order to show cause on February 1, 2018, ordering appellant to show cause why her request for a fair hearing should not be dismissed for failure to appear at the scheduled hearing. The order stated that appellant's failure to comply by February 12, 2018, would result in dismissal of her case pursuant to rule 59G-1.100(9)(b)(5)(B) of the Florida Administrative Code. The order was sent to appellant via e-mail only. Appellant says she never received the order.
Appellant did not respond to the order to show cause by the deadline. As a result, the Agency issued a final order on February 19, 2018, deeming appellant's fair hearing *402 request "abandoned" and closing the case. This order was sent to appellant via e-mail and regular U.S. mail. Appellant timely appealed.
Under the Administrative Procedure Act, this Court "shall remand a case to the agency for further proceedings ... or set aside agency action ... when it finds that: ... The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." § 120.68(7)(c), Fla. Stat. (2018) ; see also Schrimsher v. Sch. Bd. of Palm Beach Cty ., 694 So.2d 856, 861 (Fla. 4th DCA 1997) (stating that "[r]eversal is mandated when a procedural error is material to the fairness of the proceedings").
The essence of due process is "reasonable notice and a reasonable opportunity to be heard." Citizens of State v. Fla. Pub. Serv. Comm'n , 146 So.3d 1143, 1154 (Fla. 2014) (quoting Fla. Pub. Serv. Comm'n v. Triple "A" Enter., Inc. , 387 So.2d 940, 943 (Fla. 1980) ). "In the administrative arena, due process requirements are found in chapter 120, Florida Statutes, the Florida Administrative Procedure Act." Id.
Section 120.569, Florida Statutes, provides the procedure to be followed when the substantial interests of a party are determined by an agency. Under this section, "[a]ll parties shall be afforded an opportunity for a hearing after reasonable notice ...." § 120.569(2)(b), Fla. Stat. (2018). The Florida Administrative Code specifies the procedures applicable to Medicaid Fair Hearings. See Fla. Admin. Code R. 59G-1.100 (2018). Pursuant to rule 59G-1.100(5), service is by traditional U.S. mail, unless a Medicaid recipient specifically elects service by e-mail:
(5) Pleadings, Papers, Addresses, and Service.
* * *
(b) A recipient or their authorized representative, must provide and maintain a mailing address of record with the Office, or if they elect service via email , must provide and maintain a valid email address of record with the Office.... Service at the mailing address, or email address, if applicable, of record is presumed to be valid service.
(Emphasis added).
Appellant acknowledges that at the time she requested the fair hearing over the telephone, "she provided requested information during the intake process, including all contact information." Humana argues that the Agency's Acknowledgement of Medicaid Fair Hearing Request is competent, substantial record evidence that appellant elected to receive service by e-mail.
We reject Humana's characterization of the Acknowledgement. The Agency's Acknowledgment form recognizes that an e-mail election has not occurred, meaning that it must occur in a more formal manner than the initial telephone registration. The form states that its recipient "may request that fair hearing information be provided by e-mail "; it further advises that "[i]f Recipient or Recipient's authorized representative designates an e-mail address, service at the e-mail address will be presumed to be valid service." Providing an e-mail address, along with other personal information, during an initial phone call to the Agency does not constitute an "election" of e-mail service contemplated by rule 59G-1.100(5).
There are good reasons why a person would want to receive a hard copy of a document as important as a notice of hearing, rather than relegating a notice into a sea of e-mail spam. The administrative rule requires a recipient to specifically *403 elect service via e-mail before the Agency can rely on that method of service. Nothing in this record even suggests that appellant made such an election, so there has been a "material error in procedure" within the meaning of section 120.68(7)(c), Florida Statutes. For this reason, we reverse the final order and remand to the Agency to reschedule a Medicaid Fair Hearing on the merits.
Warner, J., and Weiss, Daliah, Associate Judge, concur.