# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-0948
Lower Tribunal No. 20-20627

————————————

**Gerardo Sanchez and Victoria Hurtado,**
Appellants,

vs.

**Citizens Property Insurance Corporation**, et al.,
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Middagh Law, PLLC and Richard K.E. Middagh; LDP Law & Associates, PA, and Lawrence D. Popritkin (Coral Springs), for appellants.

Shutts & Bowen LLP and George N. Meros, Jr., and Amber Stoner Nunnally (Tallahassee); Russell S. Kent (Tallahassee), for appellees.


Before LINDSEY, HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Carlile v. Game & Fresh Water Fish Comm'n</u>, 354 So.

2d 362, 365 (Fla. 1977) ("The so called 'sword-wielder' doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county where the suit is filed, or when the threat of such action in said county is both real and imminent."); Dep't of Lab. & Emp. Sec. v. Lindquist, 698 So. 2d 299, 302 (Fla. 2d DCA 1997) (stating that "sword-wielder doctrine requires that the agency's threat of action must be real and imminent rather than contingent and anticipatory to qualify as an exception to the general rule of venue"); Fla. Pub. Serv. Comm'n v. Triple A Enters., Inc., 387 So. 2d 940, 942 (Fla. 1980) (holding sword-wielder exception did not apply because threat of official action "was neither real nor imminent" where Public Service Commission sent letter to plaintiffs advising their business was operating without commission's authorization and stating that if operations did not cease within five days injunction would be sought, but commission never sought threatened injunction).