256 So.2d 524 (1971)
DEPARTMENT OF REVENUE, State of Florida and Dawson McDaniel, As Tax Collector of Lee County, Florida, Appellants,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF FORT MYERS, Florida, Appellee.
No. 71-395.
District Court of Appeal of Florida, Second District.
December 1, 1971.
*525 Robert L. Shevin, Atty. Gen., and Winifred L. Wentworth, Asst. Atty. Gen., Tallahassee, for appellants.
Julian D. Clarkson, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
McNULTY, Judge.
This interlocutory appeal asks us to decide a question of venue.
First Federal Savings and Loan Association of Fort Myers sued appellants in Lee County seeking to enjoin them from collecting certain intangible taxes. The appellant tax collector was joined as the collecting agent of the appellant Department of Revenue and is, accordingly, a nominal party only. The Department of Revenue filed a plea of privilege seeking a change of venue to Leon County where it "resides" and maintains its official headquarters. Change of venue was denied and this appeal ensued. We reverse.
We understand Florida law to be that absent a waiver, the state or any of its agencies may be sued in a county other than that which is the situs of its official *526 headquarters only when the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent.[1] We are called upon to decide, therefore, whether in this case the Department of Revenue either had indeed taken official action to collect the intangible taxes involved herein or whether the threat of such action was both real and imminent.
It undisputedly appears that the only action taken by the Department of Revenue was to send a "formal notice assessment and demand" for delinquent intangible taxes, specifying the amount and date due. The notice further advised that the tax should be paid "to avoid the service of a tax warrant to effect collection... ." We think this "notice" was a mere naked demand, and we perceive a material distinction between such a demand and affirmative action to enforce that demand. There was, in our view, no "official action" within the contemplation of the aforementioned rule upon which venue in Lee County could be predicated.
Now arguendo, there may have been a threat to enforce the aforesaid demand by tax warrant. But there was no assertion that a warrant would certainly be sought nor was a deadline given therefor. We construe the "threat," therefore, as contingent rather than real and anticipatory rather than imminent. In fact, it is hardly more than a recitation of a possible legal remedy available for enforcement of the demand.
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters. Appellant's plea of privilege herein should have been honored.
Accordingly, the order appealed from is hereby reversed and the cause is remanded with directions either to abate the action or transfer the cause pursuant to Rule 1.060(b), R.C.P., 30 F.S.A.
Reversed.
PIERCE, C.J., and MANN, J., concur.
NOTES
[1] See, e.g., Dowdy et al. v. Lawton et al. (Fla. 1954), 72 So.2d 50; Henderson v. Gay (Fla. 1950), 49 So.2d 325; Morris v. Williams (Fla.App. 1967), 199 So.2d 747; and Green v. Bob Lourie Films, Inc. (Fla.App. 1961), 133 So.2d 431.