315 So.2d 235 (1975)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
ARVIDA CORPORATION, Appellee.
No. 74-1457.
District Court of Appeal of Florida, Second District.
July 2, 1975.
*236 Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for appellant.
A. Lamar Matthews, Jr., and William G. Lambrecht, Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellee.
McNULTY, Chief Judge.
In this interlocutory appeal we revisit the venue question which was first before us in Department of Revenue v. First Federal Savings & Loan Association.[1] That is to say, the question herein is whether the Department of Revenue can be sued outside Leon County, the situs of its headquarters, in a matter involving its efforts to collect allegedly past-due intangible taxes. The lower court said yes here and we agree.
In the First Federal case, supra, the Department of Revenue sent a standard form "formal notice assessment and demand" for delinquent intangible taxes. The notice further advised that the taxes should be paid "to avoid the service of a tax warrant to effect collection." Recognizing the general Florida rule that, absent a waiver, a state agency may be sued in a county other than the situs of its official headquarters only when the official action complained of has in fact been or is being performed in the county wherein the suit is filed or when the threat of such action in said county is both real and imminent, we held in that case that the aforesaid "notice" was a mere naked demand and did not constitute the "official action," or imminence thereof, as contemplated by the aforesaid rule. Even if that notice constituted a threat, we said, there was no assertion that a warrant would certainly be sought, nor was a deadline given therefor. Accordingly, we construed that "threat" as contingent rather than real and anticipatory rather than imminent. We held, therefore, that venue properly lay in Leon County.
Under the facts in this case, however, after two previous notices were given appellee by appellant (which were similar to that given in First Federal, supra), a third notice was given on May 9, 1974, which stated that a tax warrant and execution had in truth and in fact already issued. Additionally, the notice further stated that "the tax warrant and execution are being delivered to [the] area supervisor ... and he is instructed to withhold delivery of these documents to the clerk of the circuit court and sheriff until May 23, 1974. This extension of time is provided in the event you wish to make voluntary payment to the area supervisor before he delivers the documents for execution."
To avoid the consequence of impairment of the marketability of its property, appellee instituted this action for injunction, asserting certain defenses to the tax claim. A sufficient bond was posted pursuant to law[2] and the tax warrant and execution were thus neither filed nor executed.
We are of the view that in this case the Department of Revenue overstepped the line which we drew in First Federal Savings & Loan, supra. As we noted there:[3]
"The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the *237 matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters... ." (Italics supplied.)
Under the facts here the Department of Revenue can hardly be said to be "passive or dormant." Obviously, the blow was "imminently about to be laid on."
Accordingly, the order appealed from should be, and it is hereby, affirmed.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] (Fla.App.2d, 1971), 256 So.2d 524.
[2] Section 212.15(5), F.S. 1973.
[3] Note 1, supra, at 526.