320 So.2d 11 (1975)
Peter E. SWINSCOE and Chloe M. Swinscoe, His Wife, Appellants,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 75-483.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
*12 Gaylord A. Wood, Jr., of Wood & Cohen, Fort Lauderdale, for appellants.
Robert L. Shevin, Atty. Gen., and Stephen E. Mitchell, Asst. Atty. Gen., Tallahassee, for appellee.
CROSS, Judge.
Appellants, Peter E. Swinscoe and Chloe M. Swinscoe, his wife, take an interlocutory appeal from an order entered by the trial court transferring venue to Leon County. We reverse.
Appellants, Peter E. Swinscoe and Chloe M. Swinscoe, his wife, sued appellee, Department of Revenue, in Broward County seeking to enjoin appellee from collecting certain documentary stamp taxes. The Department of Revenue filed a motion seeking a change of venue to Leon County where it "resides" and maintains its official headquarters. The trial court entered an order transferring the cause to Leon County. It is from this order that appellants take this interlocutory appeal.
The sole question presented for our determination on this appeal is whether the trial court erred transferring this action to Leon County.
Absent a waiver, a state agency may be sued in a county other than the situs of its official headquarters only when the official action complained of has, in fact, been or is being performed in the county wherein the suit is filed or when the threat of such action in said county is both real and imminent. Department of Revenue v. Arvida Corporation, 315 So.2d 235, Opinion filed July 2, 1975, Second District Court of Appeal Case; Department of Revenue v. First Federal Savings & Loan Association, 256 So.2d 524 (Fla. App. 1971).
Turning to the instant case, appellants were informed on August 28, 1974, by written notice from the Department of Revenue that a tax warrant and execution had been issued. Additionally, the notice further stated that "the tax warrant and execution are being delivered to [the] area supervisor ... and he is instructed to withhold delivery of these documents to the Clerk of the Circuit Court and Sheriff until September 6, 1974. This extension of time is provided in the event you wish to make a voluntary payment to the area supervisor before he delivers the documents for execution." The tax not having been paid by appellants, the tax warrant was recorded on December 13, 1974 in the official records of Broward County.
It is our opinion that the official action taken by the Department of Revenue in this case was of such a nature as to require that appellants be allowed to bring suit in Broward County against the Department of Revenue. The trial court, therefore, erred in transferring this action to Leon County.
Accordingly, the order of the trial court herein appealed is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
WALDEN, C.J., and DOWNEY, J., concur.