McCORD, Judge.
This is an interlocutory appeal from an order of the trial court which denied appellant’s motion to dismiss for improper venue or, in the alternative, to transfer venue. Appellee initiated the suit below by filing a complaint contesting a documentary stamp tax assessment imposed by appellants upon an assignment of lease. Subject to certain exceptions, a state agency may be sued only in the county in which its official headquarters is located, which in this instance is Leon County, the seat of state government. In Department of Revenue v. First Federal Savings and Loan Association of Ft. Myers, 256 So.2d 524 (Fla. 2 DCA 1971), our sister court of the Second District held that where the only action taken by the Department of Revenue with regard to collection of taxes was the send *319 ing of a “formal notice assessment and demand” for delinquent taxes specifying the amount and date due, that such was a mere naked demand and not affirmative action to enforce that demand. In the absence of affirmative action to enforce the demand, the Second District Court held that venue would not lie in Lee County but would lie only in the county where the state agency maintains its official headquarters. In the ease sub judice appellants’ only actions in relation to the tax have been a request for information and the issuance of a “proposed notice of assessment of tax and penalty under Chapter 201, Florida Statutes.” Such does not at this point constitute an attempt by appellant to seize and sell property to enforce collection of the disputed tax. Therefore, venue does not lie in Bay County but only in Leon County.
Reversed and remanded with directions that the case be transferred to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.
BOYER, C. J., and MILLS, J., concur.