394 So.2d 178 (1981)
Bob GRAHAM, Individually and in His Official Capacity As Governor of the State of Florida; and Louie L. Wainwright, Individually and in His Official Capacity As Secretary of Florida Department of Corrections, Appellants,
v.
James VANN, Larry Anderson, Harry Mungin, Charles Green, Willie Middleton, James Sparks, William Hill, Phillip Elliott and Floyd Price, Appellees.
Nos. XX-293, XX-334 and XX-490.
District Court of Appeal of Florida, First District.
February 13, 1981.
*179 Jim Smith, Atty. Gen., Kent A. Zaiser, Asst. Atty. Gen., Tallahassee, for appellants.
Alan R. Parlapiano, Public Defender, Jack J. Fine, Asst. Public Defender, Gainesville, for appellees.
PER CURIAM.
This case is before us to review an interlocutory order of the Circuit Court of the Eighth Judicial Circuit in and for Bradford County, Florida denying a motion of the appellants/respondents to dismiss for improper venue or in the alternative to transfer venue to the Circuit Court of the Second Judicial Circuit.
The petitioners/appellees are all convicted felons and inmates of Florida State Prison who, on May 29, 1980, filed a Petition for Writ of Habeas Corpus in Case No. 80-230 (docket number XX-293). On June 30, 1980, the petitioners, with the exception of Charles Green, filed a Complaint for Declaratory Relief in Case No. 80-271 (docket number XX-490). On the same date petitioners, with the exception of Charles Green, filed a Petition for Injunctive Relief pursuant to 42 U.S.C. § 1983 in Case No. 80-272 (docket number XX-334). Petitioners complain that they are lawfully incarcerated for various felonies, and that as a result of violent conditions at the prison, inadequate security measures, inadequate staff training, insufficient number of staff, overcrowded conditions and physical plant deficiencies, they are being deprived of basic constitutional rights.
The petitions were filed in Bradford County, Florida, site of the prison. The respondents maintain their principal headquarters in Leon County, Florida, which is located within the Second Judicial Circuit. All parties agree that it is the general rule of law in this state that absent waiver or exception in civil actions brought against the state, its agencies or subdivisions, venue properly lies in the county where the agency maintains its principal headquarters. Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940 (Fla. 1980); Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978); Department of Revenue v. First Federal Savings & Loan Association of Fort Myers, 256 So.2d 524 (Fla. 2d DCA 1971). A recognized exception exists where the petitioner's action is in the nature of a shield against the state's thrust. The rationale of this so-called "sword-wielder" doctrine announced in First Federal, supra, is stated in 34 Fla.Jur. Venue, § 27:
It is the policy of this state to require that its officials and boards be sued in the county of their official residence, unless this privilege is waived.... Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or alleged to have been committed. But in the absence of waiver on the part of a state agency of its right, and in the absence *180 of action bringing it within the exceptions to the rule, an action brought against a state agency in a county other than that of its official residence is subject to dismissal.
The issue to be resolved is whether the respondents are the initial sword-wielders. We believe this question must be answered in the affirmative. The appellees are attempting to obtain direct judicial protection from an alleged unlawful invasion of their constitutional rights. It appears therefore that the suits were properly instituted in the county where these rights are allegedly being violated. Parties seeking relief from the deprivation of constitutional rights may bring suit in the county where the alleged wrongs are imminently threatened or alleged to have been committed. Carlile, supra.
The decision of the trial court below is, accordingly, affirmed.
SHIVERS, SHAW and THOMPSON, JJ., concur.