407 So.2d 969 (1981)
Irene HANCOCK, Jennie Leben, Frank Morgan, Dan Poleminos, Ina Perry, Ella Heidelback, and Oscar Kvass, Appellants,
v.
Robert WILKINSON, State of Florida, Department of Health and Rehabilitative Services, Appellees.
No. 81-1547.
District Court of Appeal of Florida, Second District.
December 11, 1981.
James W. Kelly of Accorsi & Kelly, P.A., Avon Park, for appellants.
Anthony N. DeLuccia, Jr., Fort Myers, for appellees.
GRIMES, Acting Chief Judge.
In this appeal from a nonfinal order, we are called upon to determine the proper venue for a suit against a state agency. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Appellant Ina Perry owns and operates a boarding home in Sebring. The other appellants are residents of the home. They filed a complaint in the Circuit Court for Highlands County against the Department of Health and Rehabilitative Services and one of its employees, Robert Wilkinson, seeking an injunction and compensatory *970 and punitive damages for what they contended was harassment by the Department which amounted to a violation of their constitutional rights. In support of this contention, they alleged that the Department attempted to remove several residents from the boarding home and that Mr. Wilkinson threatened Mrs. Perry after a court enjoined the removal of the residents. They further alleged that the Department had made an unreasonable number of inspections of the home, was attempting to dissuade people from using it, and had publicly described it as a problem home. Finally, the appellant-residents asserted that employees of the Department had made body searches of them without their consent or other legal authority. The Department moved to dismiss the complaint, arguing, among other things, that it could be sued only in Leon County where its headquarters were located. After a hearing, the court entered an order treating the motion to dismiss as a motion for change of venue and transferring the case to the Circuit Court for Leon County.
Appellants concede that generally an agency of the state has a common law right to be sued in the county of its head-quarters. Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940 (Fla. 1980). However, they contend that the exception to this rule, known as the sword-wielder doctrine, is applicable to the present case and that therefore venue was properly in Highlands County. We agree.
The sword-wielder doctrine comes into play in those cases where a plaintiff is seeking direct judicial protection from an agency's unlawful invasion of a constitutional right and the agency's action has taken place, is occurring, or is threatened in the county where the suit is filed. Florida Public Service Commission v. Triple "A" Enterprises, Inc.; Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). As this court explained it in Department of Revenue v. First Federal Savings & Loan Association, 256 So.2d 524, 526 (Fla.2d DCA 1971),
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters.
Here, the allegations of appellants' complaint plainly reflect an attempt on their part to shield themselves against what they claim are unconstitutional blows which the Department has directed towards them in Highlands County. This is exactly the type of case for which the sword-wielder doctrine was formulated.
We reverse the order of the trial judge and return the case to the Circuit Court for Highlands County for further proceedings.
OTT and SCHOONOVER, JJ., concur.