PER CURIAM.
The appellants, Jacob Ohanessian, Michael D’Addabbo, Donald J. Griggs, and Terry B. Fletcher, appeal a trial court order granting a motion to dismiss for improper venue as to appellee, Eugene E. Thomason. We reverse.
Each of the appellants initially filed separate actions in Pinellas County against the trustees of three dissolved Florida corporations and against Richard L. Benware and appellee Thomason individually. The actions were consolidated for all purposes. Defendants Richard L. Benware and Joann Benware, residents of Pinellas County and trustees of the property and assets of the named dissolved Florida corporations, and Richard L. Benware, individually, failed to timely file responsive pleadings. A default and final judgment were entered against them. Thomason subsequently filed a motion to dismiss the complaint alleging that under the facts and circumstances of the case, venue was proper only in Hillsbor-ough County where he resided. The trial court entered a final order granting the motion to dismiss the action as to Thoma-son for improper venue. This timely appeal followed.
Venue is proper in the county where the defendant resides, where the cause of action accrues, or where the property in litigation is located. § 47.011, Fla.Stat. (1985). When, as here, there is more than one defendant, the defendant’s residence *1093 under section 47.011 for venue purposes is any county in which any of the defendants reside. § 47.021, Fla.Stat. (1985). Accordingly, because venue was proper in Pinellas County as to the Benwares, Thomason’s codefendants, venue was proper in Pinellas County for all defendants, including Tho-mason who resided in Hillsborough County. Moreover, a defendant who desires to contest the venue chosen by the plaintiff has the burden of clearly proving that the venue selected by the plaintiff is improper. United Engines, Inc. v. Citmoco Services, Inc., 418 So.2d 409 (Fla. 2d DCA 1982). Thomason did not dispute the fact that the Benwares resided in Pinellas County nor did he offer any evidence to show that venue as selected by the appellants was at any time improper as to the Benwares. Since the appellants had no burden of proving that their initial selection of venue was proper and since Thomason did not meet his burden of clearly proving that the venue selected by the appellants was improper, we find no merit in Thomason’s contention that since the appellants did not argue the applicability of section 47.021 to the trial court, this court cannot now consider the applicability of this section.
Finally, the fact that Thomason was the only remaining defendant in the action at the time of the trial court’s ruling did not affect the propriety of the initial selection of venue so as to require that the action be transferred to the home county of the remaining defendant, Thomason, because there is no indication that the appellants lacked good faith in suing the resident defendants, the Benwares. See Vance v. Minton, 444 So.2d 1162 (Fla. 3d DCA 1984).
We, accordingly, reverse the trial court order dismissing this case for improper venue and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.