610 So.2d 693 (1992)
FLORIDA DEPARTMENT OF CORRECTIONS, Appellant,
v.
Larry W. McCARTY, Appellee.
No. 92-01108.
District Court of Appeal of Florida, Second District.
December 18, 1992.
*694 Robert A. Butterworth, Atty. Gen., Tallahassee, and Paul J. Martin, Asst. Atty. Gen., Tampa, for appellant.
Robert H. Grizzard, II, Lakeland, for appellee.
PARKER, Judge.
The Florida Department of Corrections (the Department), seeks interlocutory review of the trial court's nonfinal order denying the Department's motion to abate for improper venue. We reverse with directions to the trial court to abate the action in Polk County and to transfer it to the Leon County Circuit Court.
The Department sought bid proposals for lease of office space in Polk County. Larry McCarty and five other parties timely submitted bid responses. McCarty received the highest evaluation score, and the Department awarded McCarty the lease contract. Fearn Partnership, Inc. (Fearn), who submitted the second highest rated bid response, timely filed a protest challenging the award to McCarty. The Fearn protest was referred to the Division of Administrative Hearings. Before a hearing and before McCarty could intervene, the Department reviewed McCarty's proposal and found it to be nonresponsive. The Department then rejected McCarty's bid proposal and awarded the lease to Fearn. Fearn then withdrew its protest, and the Division of Administrative Hearings closed its file, relinquishing jurisdiction to the Department, which entered a final order dismissing the Fearn protest.
McCarty filed his protest and received a formal administrative hearing. The hearing officer recommended that the Department dismiss McCarty's protest. Following McCarty's filing of exceptions to the hearing officer's proposed findings of fact and conclusions of law, the Department entered a final order which adopted the hearing officer's recommended order and dismissed McCarty's protest.[1]
McCarty filed a complaint in Polk County Circuit Court against the Department alleging two causes of action, breach of contract and violation of 42 U.S.C. § 1983 (1988). In his second cause of action, McCarty alleged that the Department failed to provide him an opportunity to be heard; thus, it deprived him of his property interest in the contract without due process of law.
The Department filed a motion to abate for improper venue and requested that the trial court transfer this action to the Leon County Circuit Court, based on the fact that the Department maintains its headquarters in Leon County. The trial court, without comment, denied the Department's motion.
It is clear that absent waiver or exception, venue in civil actions brought against the state or one of its agencies or subdivisions properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. Carlile v. Game and Fresh Water Fish Comm'n, 354 So.2d 362 (Fla. 1977); Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981); Department of Revenue v. First Fed. Savings and Loan Ass'n of Ft. Myers, 256 So.2d 524 (Fla. 2d DCA 1971). Both parties agree that there was no waiver in this case. McCarty, however, did argue to the lower court that the exception to the common law venue privilege known *695 as the sword-wielder doctrine was applicable.
In First Federal Savings and Loan Association of Ft. Myers, this court stated:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters.
256 So.2d at 526. The Florida Supreme Court, in Florida Public Service Commission v. Triple "A" Enterprises, 387 So.2d 940, 942 (Fla. 1980) (citations omitted), held that the sword-wielder doctrine "applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted."
The sword-wielder doctrine has been applied in Florida when there is alleged harassment and overzealous enforcement of state rules and regulations. Hancock. Likewise, this doctrine has been found applicable where the agency is enforcing restrictions on use of sovereign submerged lands. Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986).
In this case, McCarty alleged a breach of contract action combined with a constitutional tort. The Department's involvement with McCarty in following established bid protest procedures to review a questioned bid, without more, should not subject a state agency to the sword-wielder doctrine. Furthermore, McCarty alleged in his complaint that he had the opportunity to protest the award of the bid to Fearn. By his allegations, McCarty established that he was afforded notice and a hearing, thereby defeating his deprivation of due process claim. We conclude that McCarty's allegations do not support the invoking of the sword-wielder doctrine.
Reversed and remanded to the trial court with directions to enter an order granting the Department's motion to abate the action in Polk County and transferring the action to the Leon County Circuit Court.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] It does not appear that McCarty appealed this final order with this district court or with any other district court.