681 So.2d 854 (1996)
D. Douglas REHMAN, Appellant,
v.
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, Appellee.
No. 96-474.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
D. Douglas Rehman, Longwood, pro se.
Robert A. Butterworth, Attorney General, and Joseph Lewis, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PETERSON, Chief Judge.
D. Douglas Rehman appeals an order transferring venue from Orange County to Leon County in his action against the Florida Department of Law Enforcement (FDLE). We reverse.
During his employment as FDLE's communications coordinator, Rehman filed an affidavit pursuant to the Whistle Blower's Act[1] detailing gross financial waste under a communications system.. Rehman alleged that almost immediately after he filed his affidavit, FDLE's management personnel began retaliatory harassment in a hostile work environment that culminated in his transfer from Tallahassee to Orlando and his reassignment to a lesser position as a communications technician. Rehman filed this action in Orange County. The trial court transferred it to Leon County when FDLE moved for a change of venue.
In a civil action against the state or one of its agencies, the Florida common law home venue privilege provides that venue is proper in the county where the state, agency or subdivision maintains its principal headquarters. Carlile v. Game and Fresh Water Fish Comm., 354 So.2d 362 (Fla.1977); Graham v. Vann, 394 So.2d 178 (Fla. 1st DCA 1981). The home venue privilege is long *855 standing and controls in most situations, but is subject to the "sword wielder" exception. Barr v. Florida Bd. of Regents, 644 So.2d 333 (Fla. 1st DCA 1994); Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981). The sword wielder doctrine applies in those cases where the official action complained of has been or is being performed in the county in which the suit is filed, or when the threat of action in that county is both real and imminent. Dep't of Revenue v. First Federal Sav. & L. Ass'n of Ft. Myers, 256 So.2d 524 (Fla. 2d DCA 1971); Barr v. Florida Bd. of Regents, 644 So.2d 333 (Fla. 1st DCA 1994); Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981). The First Federal court instructed:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on.
Id. at 526. Our supreme court in Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977), further instructed:
This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted....
Id. at 365. Here, the allegations in Rehman's complaint assert that FDLE is the initial sword wielder by laying a blow against Rehman through its retaliatory transfer and demotion of Rehman to Orlando. Rehman then attempted to shield himself by filing his complaint in Orange County against what he claimed were unlawful prohibited personnel actions in direct contravention of section 112.3187(4)(a) of the state's Whistle Blower's Act.[2] The Whistle Blower's Act protects an individual who exercises his or her First Amendment rights against governmental agencies whom he or she believes is not acting with the public's best interests in mind. Rehman's complaint describes the situation for which the sword wielder doctrine was formulated, especially in light of his allegations that further recent retaliatory actions are being suffered in Orlando.
The order transferring venue is vacated and the matter remanded for further proceedings.
ORDER VACATED; REMANDED.
ANTOON, J., concurs.
DAUKSCH, J., dissents, without opinion.
NOTES
[1] §§ 112.3187-.31895, Fla. Stat. (1995).
[2] Florida's Whistle Blower's Act provides in pertinent part:

112.3187 Adverse action against employee for disclosing information of specified nature prohibited; employee remedy and relief.
* * * * * *
(2) LEGISLATIVE INTENT.It is the intent of the Legislature to prevent agencies ... from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer... that create a substantial and specific danger to the public's health, safety, or welfare. It is further the intent of the Legislature to prevent agencies ... from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.
* * * * * *
(4) ACTIONS PROHIBITED.
(a) An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section.