697 So.2d 954 (1997)
FLORIDA DEPARTMENT OF REVENUE, et al., Appellants,
v.
Ray HARDY and Patricia Hardy, etc., Appellees.
No. 96-2983.
District Court of Appeal of Florida, Fifth District.
August 1, 1997.
Robert A. Butterworth, Attorney General, and Eric Taylor, Assistant Attorney General, and Robert F. Milligan, Comptroller, and Josephine A. Schultz, Assistant General Counsel, Officer of the Comptroller, Tallahassee, for Appellants.
Christopher K. Kay and Michael J. Beaudine of Kay, Panzl & Latham, LLP, Orlando, and W. Gordon Dobie and Bruce L. Braun of Winston & Strawn, Chicago, IL, for Appellees.
*955 PER CURIAM.
Appellants, the Florida Department of Revenue and various other agencies and officers of the State of Florida (collectively, "the state"), appeal a non-final order denying their motion to transfer venue. We reverse.
Appellees, the plaintiffs in this class action, sued the state seeking to have section 328.03(7), Florida Statutes (1995), declared unconstitutional. Appellees further seek a refund of fees they paid pursuant to that section. The state moved to dismiss the complaint, or alternatively, to transfer venue. The trial court denied both motions.
In a civil action against the state or one of its agencies, the Florida common law home venue privilege provides that venue is proper in the county where the state, agency or subdivision maintains its principal headquarters. Carlile v. Game and Fresh Water Fish Comm., 354 So.2d 362 (Fla.1977); Graham v. Vann, 394 So.2d 178 (Fla. 1st DCA 1981). The home venue privilege is long standing and controls in most situations, but is subject to the sword wielder exception. Rehman v. FDLE, 681 So.2d 854 (Fla. 5th DCA 1996); Barr v. Florida Bd. of Regents, 644 So.2d 333 (Fla. 1st DCA 1994); Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981). The sword wielder doctrine applies in those cases where the official action complained of has been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent. Dep't of Revenue v. First Federal Sav. & L. Ass'n of Ft. Myers, 256 So.2d 524 (Fla. 2d DCA 1971); Barr; Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981). Appellate courts have been quite careful to distinguish between the types of state action which are affirmative or official and those which are passive or dormant. The second district held in First Federal that where the only action taken by the Department of Revenue to collect taxes was the sending of a "formal notice assessment and demand" for delinquent taxes specifying the amount and date due, that such "notice" was a mere naked demand rather than "official action" and the "threat" was contingent and anticipatory rather than real and imminent. Accordingly, the First Federal court determined that in the absence of affirmative or official action to enforce the demand, venue would lie only in the county where the state agency maintains its official headquarters. See also Straughn v. G.J.M., Inc., 344 So.2d 318 (Fla. 1st DCA 1977) (where the only action taken by the Department of Revenue in relation to documentary stamp tax assessment imposed upon assignment of lease had been a request for information and issuance of proposed notice of assessment and penalty, the action by the Department did not constitute an attempt to seize and sell property to enforce collection of the disputed tax so that venue did not lay in the county in which the land was located but rather in Leon County, the official headquarters of the Department); Department of Revenue v. Crisp, 337 So.2d 404 (Fla. 2d DCA 1976), cert. denied, 346 So.2d 1248 (Fla.1977) (notice of assessment of additional documentary stamp taxes and demand for payment, unaccompanied by further action, did not imminently threaten taxpayers' due process and equal protection rights and was not an imminent "attempt" to seize and sell property of taxpayer; thus, proper venue of taxpayer's action for declaratory judgment against Department of Revenue was Leon County, the official headquarters of the Department). Cf. Swinscoe v. State, 320 So.2d 11 (Fla. 4th DCA 1975), cert. dism'd, 337 So.2d 976 (Fla. 1976) (where Department of Revenue gave taxpayers written notice that a tax warrant and execution had been issued against them and delivered to area supervisor, and warrant was subsequently recorded in official records of county in which taxpayers resided, Department of Revenue's actions were of such nature as to require that taxpayers be allowed to bring suit in county of their residence against the Department of Revenue); Department of Revenue v. Arvida Corp., 315 So.2d 235 (Fla. 2d DCA 1975), cert. dism'd, 336 So.2d 1181 (Fla.1976) (Department of Revenue efforts to collect allegedly past due intangible taxes included a notice assessment which stated that "tax warrant and execution had in truth and in fact already issued," constituted official action that was both real and imminent, justifying suit in a county other than situs of Department's official headquarters).
*956 In the instant case, the Department of Revenue has issued no notice or warrant to appellees. Indeed, no official action has been taken on the part of the state other than the filing of motions in response to appellees' suit. Accordingly, we hold that the trial court abused its discretion by denying the state's motion to transfer venue, and the sword wielder exception is inapplicable to the facts of this case. We vacate the order denying the change of venue, remand to the lower court with instructions to transfer the cause to the Second Judicial Circuit in and for Leon County, Florida, in accordance with Rule 1.060(b), Florida Rules of Civil Procedure.
ORDER VACATED; CAUSE REMANDED.
DAUKSCH, GOSHORN and PETERSON, JJ., concur.