PER CURIAM.
The State of Florida Department of Revenue (DOR) appeals an order of the Broward County circuit court denying its motion to transfer venue. We reverse.
After losing its consumer certificate of exemption from state sales and use taxation on off-reservation purchases, pursuant to chapter 212, Florida Statutes, the Seminole Tribe of Florida filed suit against DOR for declaratory and injunctive relief. It sought a declaration that all purchases for tribal government-associated use were immune from that *271 tax under the United States Constitution’s Indian Commerce Clause[1] and Supremacy Clause,[2] and it sought to enjoin DOR from collecting the tax as well as the return of tax it had paid, plus damages.
DOR moved to transfer venue from Bro-ward County, where the case was filed and the tribal government is located, to the Leon County circuit court, in accordance with the home venue privilege that permits the state, its agencies and subdivisions, when sued, to have venue transferred to the county in which the defendant maintains its headquarters. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 363-64 (Fla.1977). The trial court denied the motion, finding that the privilege was waived because the suit was brought under section 72.011, Florida Statutes, which provides for circuit court jurisdiction over actions in which taxpayers contest either the assessment of certain specified taxes or the denial of a refund of those taxes. The statute specifically permits venue in such actions to be in the county where the taxpayer resides or maintains its principal commercial domicile. See § 72.011(4)(a).
At the hearing on the motion, the tribe’s witness admitted that the tribe had not received an assessment of unpaid sales tax from DOR, nor had it applied for a refund of taxes paid. The trial court concluded that DOR’s issuing the tribe a certificate of immunity, confirming that sales occurring on the tribe’s reservation were immune from state sales tax, constituted an assessment because it resulted in sales tax having to be paid on off-reservation sales.
We agree with DOR that the fact that the tribe is having to pay sales tax cannot be construed as an “assessment” within the meaning of section 72.011, which comprehends only two situations: (1) when the taxpayer has received an assessment of tax which the taxpayer has not paid; and (2) when the taxpayer has paid a tax, requested a refund, and received a denial of refund. Neither situation has occurred here. If the term “assessment” could include a tax which has already been paid, then the provisions of subsection 72.011(3), requiring in assessment cases that the uncontested amount of tax be paid and that the contested portion either be paid into the court registry or security be posted for it, would be meaningless.
The fact that there has been no assessment and no denial of a refund does not mean that the tribe has no standing to file suit challenging the constitutionality of the application of the sales tax, see Nemeth v. Florida Department of Revenue, 686 So.2d 778 (Fla. 4th DCA) (relying on Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), cert. denied, 515 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995)), rev. granted, 697 So.2d 1215 (Fla. Jul. 29, 1997); it means only that the suit is not within section 72.011. As the lawsuit was not asserted to fall within any other statute waiving the DOR’s home venue privilege, DOR was entitled to have the case transferred to Leon County.
We reject the tribe’s alternate position that the sword wielder exception to the home venue privilege applies, based on DOR’s action in issuing the limited immunity certificate. That act does not even rise to a “passive” assessment of a tax, and certainly does not constitute official action to enforce a demand. See Florida Dep’t of Revenue v. Hardy, 697 So.2d 954 (Fla. 5th DCA 1997) (reversing denial of DOR’s motion to transfer venue, where plaintiffs sought to have statute governing fees for certificates of title declared unconstitutional and to have taxes already paid pursuant to that statute refunded to them, but DOR had not issued a warrant).
We reverse the order on appeal and direct the trial court on remand to grant the motion to transfer venue.
WARNER, KLEIN and TAYLOR, JJ., concur.

. U.S. Const. Art. I., § 8, cl. 3 ("The Congress shall have Power ... To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes.”).

. U.S. Const. Art. VI.