734 So.2d 1054 (1998)
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Marc D. SARNOFF, Tom Hyde, Steven Register, Charles Stahman, Harry Brady and Melissa Richie, both individually and on behalf of all others similarly situated, Appellees.
No. 97-4803.
District Court of Appeal of Florida, First District.
November 12, 1998.
Robert A. Butterworth, Attorney General, and Eric J. Taylor, Assistant Attorney General, Tallahassee, for Appellant.
*1055 Scott D. Makar of Holland & Knight LLP, Jacksonville; John T. Rogerson, III, Alan S. Wachs and Catherine J. Tackett, Jacksonville, for Appellees.
PER CURIAM.
While recognizing that it was a close call, the trial court denied the Department of Highway Safety and Motor Vehicles' ("Department") motion for change of venue from Duval County to Leon County, concluding that under the circumstances, the Department was a "sword wielder," so that the exception to the state's home venue privilege applied. We reverse.
Section 325.214, the Florida Motor Vehicle Inspection Program, is part of the "Clean Outdoor Air Law," sections 325.201-.223, Florida Statutes (1995), which is designed to meet certain requirements of the federal Environmental Protection Agency. The state legislation calls for an inspection fee to be set by the Department and not to exceed $10. Appellees, plaintiffs below, filed a class action complaint alleging that in implementing section 325.214, Florida Statutes, which requires motor vehicle inspections in six Florida counties (Duval, Dade, Broward, Hillsborough, Palm Beach, and Pinellas), the Department arbitrarily imposed the full $10.00 fee, which exceeds the actual cost of administering and enforcing the program. The plaintiffs further alleged that while originally all proceeds from the inspections were to be placed in a Motor Vehicle Inspection Trust Fund, the statute was later amended, and the fees were placed in the Highway Safety Operating Trust Fund and used for state wide purposes, resulting in disparate treatment of taxpayers. Each plaintiff is a resident of one of the six counties in which inspections are required.
Appellees filed their complaint in Duval County. The Department moved to transfer venue to Leon County under its home venue privilege. Appellees asserted appellant had failed to establish absence of venue in Duval County, having filed no affidavit or sworn pleading[1]; and further, that even if the Department had brought forth evidence to meet its burden of proof, the sword wielder exception applied. As a basis for applying the sword wielder exception, the plaintiffs alleged that the Department implements the program in six counties only, requires registered motorists to pass yearly inspections in those counties, requires payment of a fee, penalizes motorists who do not comply, and staffs the inspection stations with employees who act on behalf of the Department.
The trial court ruled that the Department was a sword wielder in this case, because its actions had gone beyond mere assessment and demand for payment of a tax by "requiring motorists to pass yearly emissions inspection test prior to being able to re-register their vehicles and requiring them to pay inspection fees."
The Department contends that the sword wielder exception only operates when government has taken direct action against a plaintiff. The Department neither sent letters directly to any of the appellees, nor did it threaten them with loss of driving privileges. It contends that since there has been no enforcement activity and no threat of enforcement, the sword wielder exception does not apply. The Department argues that the home venue privilege is meaningless if it can be lost based on the mere existence of a statutory punishment that might be exercised in the future should non-compliance occur. Finally, the Department asserts that the question presented in this appeal is whether a taxpayer may claim venue in his home county when he has merely paid a tax, fee or surcharge, with no enforcement action having taken place.
Appellees contend that to overcome the state's venue privilege all that is required is action which is alleged to actively violate *1056 a plaintiff's constitutional rights within the county at issue. They argue that it is sufficient that the complaint in this case asserts violations of federal and state constitutional rights.
The basic principles concerning the agency home venue privilege and the sword wielder exception are set out in Barr v. Florida Board of Regents, 644 So.2d 333 (Fla. 1st DCA 1994), and Nyberg v. Snover, 604 So.2d 894 (Fla. 1st DCA 1992). "In a civil action against the state or one of its agencies, the Florida common law home venue privilege provides that venue is proper in the county where the agency maintains its principal headquarters." Barr, 644 So.2d at 335. The sword wielder exception
"applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted." ... The test is whether the state is the original sword wielder, and the plaintiff's suit a shield against the state's thrust. If so, a suit may be maintained in the county where the blow has been or is about to be struck.... However, where the state's action does not amount to an unlawful invasion of a constitutional right which is being directly and immediately threatened, the sword-wield exception will not be applied.
Nyberg, 604 So.2d at 895 (citations omitted). "Appellate courts have been quite careful to distinguish between the types of state action which are affirmative or official and those which are passive or dormant." See Florida Department of Revenue v. Hardy, 697 So.2d 954, 955 (Fla. 5th DCA 1997).
We conclude that, by merely implementing the law, without taking any affirmative action to enforce a failure to comply, the Department's activity at this point does not constitute "sword wielding," the threat of any enforcement action being only contingent and anticipatory. We agree with appellant that Hardy is instructive. In that case, the Department of Revenue had sent tax assessment letters to the plaintiffs, but had taken no enforcement action. The taxpayers instituted a class action suit, asserting that section 328.03(7), Florida Statutes (1995), was unconstitutional and seeking refunds for payments made in compliance with the statute. The court concluded that in merely sending assessment letters, the department had not taken any official action against the plaintiffs, and thus was not a sword wielder.
Similarly, so far as the present record shows, the Department has implemented the statutory scheme and the plaintiffs have complied with the resulting registration prerequisites. The Department has not denied any registrations or instituted any other form of enforcement action, thus the relief plaintiffs seek is more in the nature of a declaration of rights rather than direct judicial protection from an alleged unlawful invasion of rights. In Florida Public Service Commission v. Triple A Enterprises, 387 So.2d 940, 942 (Fla. 1980), the supreme court noted that "a state agency has absolute authority to control venue in an action brought primarily for the purpose of seeking judicial interpretation or a declaration of rights and duties under rules and regulations promulgated by state agencies."
The cases the trial court relied on in support of its ruling, Rehman v. Florida Department of Law Enforcement, 681 So.2d 854 (Fla. 5th DCA 1996), Barr v. Florida Board of Regents, 644 So.2d 333 (Fla. 1st DCA 1994), and Graham v. Vann, 394 So.2d 178 (Fla. 1st DCA 1981), are factually distinguishable in terms of the quality of the action by the state agency toward the plaintiffs. In Rehman, for example, there had been an alleged retaliatory transfer and demotion of an employee. In Barr, the plaintiff had been terminated from her employment. In Vann, prison inmates complained of particular deficiencies in prison management that allegedly made the prison unsafe. Each of these *1057 cases involved more than mere implementation of a statutory scheme.
REVERSED and REMANDED with instructions to grant the motion for change of venue to Leon County.
JOANOS and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] We do not find this argument concerning lack of an evidentiary basis persuasive, because the facts pertinent to the venue question were in the record and not in dispute.