DELL, JOHN W., Senior Judge.
In this non-final appeal, Cayman Manufacturing, Inc. appeals an order of the trial court granting the Department of Revenue’s motion to change venue. We reverse.
Appellant is a Florida corporation engaged in the business of manufacturing and selling cabinets. Appellant alleged in its complaint for declaratory judgment that in 1998, appellee, State of Florida Department of Revenue (the department), conducted an audit of appellant for October 1, 1992 through December 31, 1997 and determined that appellant owed more than $800,000 in sales taxes, penalties and interest. Appellant informed the department that it did not have the ability to pay this amount. Appellant’s complaint alleges that from January 20, 1999 to July 27, 2001, the parties exchanged correspondence concerning the compromise of the *178 amount of the assessment. On October 9, 2000, the department issued a tax warrant and recorded it in Broward County, Florida. Appellant also alleged that on January 30, 2001 the department advised that pursuant to the tax warrant and section 213.67 Florida Statutes that it was withholding $129,545.00 due to be paid to appellant in Broward County, Florida.
The parties continued to correspond until July 27, 2001, when the department wrote a letter to appellant’s attorney. The department’s letter states that it is in response to appellant’s January 2, 2001 letter “in which you request the Department consider further review of the final assessment,” and informs appellant that its “time of appeal rights with the Department of Revenue has expired.” The department also refers to appellant’s assertion of error in the assessment, “revises its final order with regard to the final assessment,” offers to settle in accord with the terms set forth in an attached closing statement, and warns that the settlement must be accepted within 30 days, or the total assessed amount will be sustained. Appellant did not accept the department’s offer, but filed a complaint for declaratory and injunctive relief in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County.
In Count I appellant asked the trial court to enter a declaratory judgment finding that the department, by its conduct, had violated appellant’s constitutional right to notice and due process, and sought a judgment declaring that appellant has a statutory right to protest or appeal the final tax assessment. Appellant did not challenge the amount of the assessment, but sought a ruling that it still has the right to do so, and asked the trial court to declare the tax warrant invalid and that it be vacated. In Count II appellant asked the court to enjoin the department from collection efforts during the pendency of its suit, and further asked for an injunction ordering the department to instruct the State Comptroller to release funds owed to appellant.
The department filed a motion to change venue to Leon County, Florida, to dismiss for lack of jurisdiction and failure to state a cause of action, and for costs and attorney’s fees. The department noticed only its motion to change venue for hearing. At the hearing on the motion to change venue, the department asserted the home venue privilege, and appellant asserted the sword-wielder exception to that privilege. The trial court granted the department’s motion to change venue to Leon County.
Appellant contends that the trial court erred when it transferred venue of this case from Broward County to Leon County. Appellant argues that the sword-wielder exception to the home venue privilege applies because of the department’s filing of the tax warrant in Broward County and because the department withheld funds allegedly due to it in Broward County. The department argues that appellant has failed to allege facts that rise to the level of action by the department necessary to meet the requirements of the sword-wielder exception to the home venue privilege. The department also argues that appellant’s complaint is either a straight declaratory judgment action for statutory interpretation, or an indirect challenge to “the department’s time-barred assessment.”
In Swinscoe v. State, Department of Revenue, 320 So.2d 11 (Fla. 4th DCA 1975), cert. dismissed, 337 So.2d 976 (Fla.1976) the taxpayers filed suit in Broward County seeking to enjoin the department from collecting certain documentary stamp taxes. The department moved to transfer venue to Leon County. This court stated:
Absent a waiver, a state agency may be sued in a county other than the situs of *179 its official headquarters only when the official action complained of has, in fact, been or is being performed in the county wherein the suit is filed or when the threat of such action in said county is both real and imminent. Department of Revenue v. Arvida Corporation, 315 So.2d 235 ... [(Fla. 2d DCA 1975)]; Department of Revenue v. First Federal Savings & Loan Association, 256 So.2d 524 (Fla. 1st[2d] DCA 1971).
Id. at 12. In Swinscoe the department informed the taxpayers that a tax warrant and execution had been issued, and thereafter recorded the tax warrant in the official records of Broward County. This court held “It is our opinion that the official action taken by the Department of Revenue in this case was of such a nature as to require that [the taxpayers] be allowed to bring suit in Broward County against the Department of Revenue.” Id. at 12. We cited Department of Revenue v. First Federal, in which the First District discussed the basis for application of the sword-wielder exception to the home venue privilege:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiffs action is in the nature of a shield against the state’s thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters.
Id. at 526.
In Carlile v. Game & Fresh Water Fish Comm’n., 354 So.2d 362, 363 (Fla.1977) the supreme court stated:
The so called “sword-wielder” doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent.
[[Image here]]
This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved. Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948);
Id. at 365 [additional citations omitted] [emphasis added].
Here, appellant’s complaint seeks protection from the enforcement of a recorded tax warrant, and release of funds allegedly due and payable to appellant in Broward County, and which are currently being withheld by the Comptroller upon direction of the department, pursuant to that warrant. Appellant does not challenge the constitutionality of a statute or rule, but rather asserts that the policies and procedures employed by the department in making the final assessment and issuing the tax warrant denied him due process and tolled the time within which he is required to appeal the assessment. Appellant seeks to have the tax warrant declared invalid, and injunctive relief to protect him from the department’s efforts to enforce the tax warrant.
*180 We conclude from the record presented that appellant filed its action for declaratory judgment to obtain “direct judicial protection” from the enforcement of the tax warrant filed by the department in Bro-ward County. We therefore hold that the sword-wielder exception to the home venue privilege does apply and reverse the trial court’s order changing venue of this action from Broward County to Leon County.
Although the department argues on appeal that appellant’s action is time-barred, the department noticed and the trial court heard, only the department’s motion to transfer venue to Leon County. The issues raised in the department’s motion to dismiss were not considered by the trial court and we express no opinion as to the merits of those arguments.
Accordingly, we reverse the trial court’s order transferring venue of this action to Leon County, Florida and we remand this cause to the trial court for further proceedings including but not limited to the department’s motion to dismiss.
REVERSED AND REMANDED.
GUNTHER and FARMER, JJ., concur.