STONE, J.
We affirm the trial court’s order transferring venue from Broward County to Leon County.
The case was initially filed by Citrix Systems, Inc. (Citrix), a computer software company, in Broward County, challenging a notice of a proposed tax assessment. Citrix had unsuccessfully protested this assessment through administrative procedure and an administrative appeal. Subsequently, an amended complaint was filed in which the appellants, Rabin, Sinreich, and Roberts, appeared as the plaintiffs along with Citrix.
*984 In the amended complaint, counts one through four were brought by Citrix. Three months after filing the amended complaint, Citrix voluntarily dismissed its action, leaving Appellants as the sole plaintiffs. Count five of the amended complaint was brought by Appellants. In this count, Appellants sought declaration that all sales and use tax paid by them on certain specified property was unconstitutional in violation of the First Amendment of the United States Constitution and Article I, Section 4 and Article II, Section 3, of the Florida Constitution. Appellants alleged standing as citizens who had recently paid Florida’s six percent sales tax when purchasing a computer, software for the computer, digital video disks and compact disks to use on the computer, telephone services to make the computer internet ready, and newspapers. Appellants asked that a class be certified for “all consumer sales and use taxpayers of the products and services” described in the complaint.
The Department of Revenue (DOR) filed a motion to dismiss for improper venue and/or motion to transfer venue, alleging that venue in Broward County was no longer justified and should be transferred to Leon County. The DOR did not dispute venue in Broward County prior to Citrix withdrawing because Citrix had initially filed its action to contest a final assessment of corporate income and excise taxes pursuant to section 72.011, Florida Statutes, whereas Appellants brought suit only as payors of sales taxes and did not allege that the DOR issued a final assessment or denied a refund pursuant to section 72.011, Florida Statutes.
Section 72.011(l)(a)-(b) states:
l)(a) A taxpayer may contest the legality of any assessment or denial of refund of tax, ... by filing an action in circuit court; or alternatively, the taxpayer may file a petition under the applicable provisions of chapter 120.
[[Image here]]
(b) A taxpayer may not file an action under paragraph (a) to contest an assessment or a denial of refund of any tax ... until the taxpayer complies with the applicable registration requirements contained in those statutes which apply to the tax for which the action is filed.
Section 72.011(4)(a), specifically relating to venue, states:
4)(a) Except as provided in paragraph (b), an action initiated in circuit court pursuant to subsection (1) shall be filed in the Second Judicial Circuit court in and for Leon County or in the circuit court in the county where the taxpayer resides....
Because Citrix’s action was properly filed under section 72.01 l(l)(a), Citrix could file its action in Broward County. The trial court correctly recognized that as to Appellants, there has not been any assessment of a tax or denial of a refund. In Department of Revenue v. Seminole Tribe of Florida, 720 So.2d 270 (Fla. 4th DCA 1998), this court stated that “having to pay sales tax cannot be construed as an assessment’ within the meaning of section 72.011.” Id. at 271. This court recognized that an assessment under section 72.011 “comprehends only two situations:”
(1) when the taxpayer has received an assessment of tax which the taxpayer has not paid; and (2) when the taxpayer has paid a tax, requested a refund and received a denial of refund.

Id.

Here, Appellants allege that they should not have been charged the six percent sales tax because it abridged their right to free speech and assert that applying the six percent tax to them is unconstitutional *985 because the products they purchased involve speech and the tax infringes on their right to free speech.
We recognize that even where venue would not be proper, if the case were initiated by the remaining party or parties, venue may be retained where venue, as here, was proper when the action began. Vance v. Minton, 444 So.2d 1162 (Fla. 3d DCA 1984); Ohanessian v. Thomason, 510 So.2d 1092 (Fla. 2d DCA 1987). In MML Development Corporation v. Eagle National Bank of Miami 603 So.2d 646 (Fla. 5th DCA 1992), however, the Fifth District noted the purpose of the rule announced in Vance was to avoid disruption of trial. Id. at 647. In Vance, the motion to transfer was filed after two years of litigation, including extensive discovery proceedings. Id. The MML court recognized that the litigation in that case was not in an “advanced stage” and the appellants’ motion to transfer venue was timely. Id. at 648.
We recognize that MML may be distinguished in that the statute applied in that case provided that actions under it, relating to promissory notes, “be brought only in the county in which such notes were signed ... or one of the makers resides .... This section shall be liberally construed in favor of the makers of such notes.” Id. The court in MML stated that it “must give deference to the direction of the legislature to construe liberally the venue privilege in favor of the makers of the notes.” Id. Here, as in MML, the litigation is not in an advanced state. Although the “home venue” privilege, applicable to suits against the state, is established by common law in Florida, rather than, in MML, by a statute, the timeliness principle applied in MML applies equally to a state agency’s exercise of its privilege to be sued in Leon County.
We also reject Appellants’ assertion that the “sword wielder” exception to the home venue privilege is applicable in this case. The “sword wielder” exception is applicable:
where the official action complained of has in fact been, or is being performed, in the county wherein the suit is filed, or when the threat of such action in that county is both real and imminent.
[[Image here]]
This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved.
Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 365 (Fla.1978). We conclude that payment of sales taxes upon purchase of various items simply is not a circumstance where the “sword-wielder” exception applies.
The situation in this case is not unlike those in Florida Department of Revenue v. Hardy, 697 So.2d 954 (Fla. 5th DCA 1997), and Department of Highway Safety and Motor Vehicles v. Sarnoff, 734 So.2d 1054 (Fla. 1st DCA 1998). In Hardy, the plaintiffs sought to declare section 328.03(7), Florida Statutes (1995), unconstitutional and to obtain a refund of fees. 697 So.2d at 955. The Fifth District found that the sword wielder exception did not apply because “the Department of Revenue ... issued no notice or warrant to appellees. *986 Indeed, no official action has been taken on the part of the state other than the filing of motions in response to appellees’ suit.” Id. at 956. In other words, in Hardy, as here, there was no affirmative action by the DOR.
Similarly, in Samoff, the plaintiffs alleged that in implementing section 325.814, Florida Statutes, which required motor vehicle inspections, the department arbitrarily imposed the full $10.00 fee, which exceeded the actual cost of administering and enforcing the program. 734 So.2d at 1055. The plaintiffs also challenged the application of the proceeds of the inspections. Id. The First District concluded that “by merely implementing the law, without taking any affirmative action to enforce a failure to comply, the Department’s activity at this point does not constitute sword wielding,’ the threat of any enforcement action being only contingent and anticipatory.” Id. at 1056. In this case, the DOR has not taken any action to enforce section 212.05, Florida Statutes, or section 212.06, Florida Statutes.
We have also considered Swinscoe v. Florida Department of Revenue, 320 So.2d 11 (Fla. 4th DCA 1975), and Cayman v. Manufacturing, Inc. v. Department of Revenue, 833 So.2d 177 (Fla. 4th DCA 2002), together with similar cases relied on by Appellants, but conclude that they are not controlling. The situations in those cases, where the sword wielder provision was found to apply, involved the state taking an affirmative action against the plaintiffs. Here, there was no affirmative action by the state and no need for Appellants to seek to shield themselves. Further, the complained of conduct is simply too general. In Dickinson v. Florida National Organization for Women, Inc., 763 So.2d 1245 (Fla. 4th DCA 2000), this court stated: “[w]here the state agency’s actions are statewide in scope, in the absence of any showing of particularized harm to the plaintiffs that will occur within the county itself separate and apart from the generalized harm suffered by all citizens by the operation or enforcement of an allegedly unconstitutional law, the home venue privilege applies.” Id. at 1248.
Therefore, the order is affirmed.
WARNER, J., and BRYAN, BEN L., Associate Judge, concur.